232 So.2d 673

**Joy L. MODLING**

**v.**

**Thomas C. MODLING.**

**4 Div. 10.**

Court of Civil Appeals of Alabama.

March 4, 1970.

Homer W. Cornett, William R. Belcher, Phenix City, for appellant.

J. Pelham Ferrell, Phenix City, for appellee.

BRADLEY, Judge.

Suit was filed in the Circuit Court of Russell County, Alabama, in Equity, by appellant, seeking a divorce from appellee on the ground of cruelty, custody of the two minor children, child support, temporary and permanent alimony, attorney's fees, and appellee's undivided one-half interest in a parcel of real estate free and clear of all liens and encumbrances. The appellant then amended the complaint to ask for temporary custody of the children pending further orders of the court. An answer was filed to the petition seeking temporary custody.

A hearing was then held on the request for temporary custody, and the court awarded custody to the father.

The appellee filed an answer to the complaint as amended, and included therewith a cross-bill of complaint seeking a divorce from appellant on the ground of cruelty, custody of the two children, and certain items of household furniture, appliances and other furnishings.

The appellant then demurred to the cross-bill and also answered it. The demurrer to the cross-bill was later overruled.

The cross-bill was amended to request a divorce from appellant on the additional ground of adultery. An answer was filed to the cross-bill as amended.

After the pleadings were settled, the case was heard on the issues raised by the bill of complaint as amended, and the cross-bill as amended, plus the answer to each.

The court entered a decree granting a divorce to the appellant, awarding the real estate owned by the parties to the appellant and custody of the two children to the appellee.

From the decree awarding custody of the children to appellee, appellant appeals to the Supreme Court. The case was later transferred to this court.

There were three assignments of error, two of which questioned the trial court's child custody award, and the other questioned the trial court's failure to award child support to appellant for the times the children are to visit with her.

■ It is well established in Alabama that the primary and controlling inquiry in custody proceedings is always what is best for the child or children. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145.

■ It is an equally well established principle in this state, that where evidence in a child custody case is heard orally by the trial court, the court's findings will not be disturbed on appeal unless the reviewing court determines that such findings were plainly and palpably wrong. Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591; and Snead v. Snead, 279 Ala. 344, 185 So.2d 135.

The evidence in this case was in conflict as to whether appellant or appellee were fit persons to have custody of the two children.

There was evidence that appellant worked in the daytime, retained a maid to clean the house and care for the children until she or appellee arrived home in the afternoon. There was evidence that for the past year, appellant was away from home at night more than she was at home. The testimony also showed that the appellee-husband cared for the children at night when the appellant was away from home, in that he fed them, bathed them, and got them ready for bed. He also took them to the park and to neighbors for visits.

There was evidence that a man had been seen leaving appellant's house where she lived alone, late at night, after the complaint was filed, but before the divorce decree.

 There was evidence that appellant was highly nervous and at times emotionally unstable, and that the oldest child, who had exhibited nervous symptoms prior to the separation, was now much quieter and more stable.

Evidence was also adduced that appellant worked, and in all likelihood would continue to work, which would necessitate, should custody of the children be awarded to her, the employment of a maid or someone to care for the children; whereas, as it was shown, the mother of appellee would be available to care for the children in the daytime while appellee was at work.

The only evidence we could find going to the unfitness of the appellee was the cruelty exhibited toward appellant, and the strict discipline imposed on the oldest child. However, there was ample evidence that he was much more solicitous of the welfare of the children than was appellant.

In view of the above evidence submitted at the hearing and the further fact that the trial court had the opportunity to observe the demeanor of the witnesses while they were testifying, this court does not believe the trial court's decree awarding custody of the minor children to the appellee was so plainly and palpably wrong as to require a reversal. And, in so concluding, we have not been unmindful of the rule that children of tender years, especially female children, are placed in the custody of the mother if she be a fit person for that role. McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457. We, therefore, find no error in the decree awarding the children to appellee.

As to appellant's contention that she should be entitled to child support for the periods of visitation decreed by the court, we can find no support for it in the case law.

The case cited by appellant in support of this assignment of error—McGregor v. McGregor, supra—involved split custody, rather than visitation privileges, as here. The father, in the cited case, had been awarded custody for nine months of the year and the mother had been awarded custody for three months of the year. The Supreme Court held that the mother should receive support payments for the three months' custody each year.

Where custody is not involved, but merely visitation privileges, we have been cited to no cases, nor have we found any, requiring child support payments to be made for the times or periods when the child is merely visiting a divorced parent.

We therefore hold that the mother is not entitled to child support payments from the father while the children are visiting her under a court decreed visitation schedule, which consists of weekend visiting.

There being no error in this case, it is affirmed.

Affirmed.