This is a child custody case.
The father appeals from a decree of the Circuit Court of Franklin County which denied his petition for custody of his two minor children.
The father contends the trial judge erred (1) by abusing his discretion in refusing to award custody of the children to the father, (2) by failing to recuse himself on account of bias, prejudice, or expressed fixed opinion, and (3) by failing to find or recite a finding of the best interest or welfare of the children in question.
We find no error or abuse of discretion and affirm.
The parties were divorced in June, 1977. The divorce decree awarded custody of the parties' two minor sons to the mother. In December, 1977, the father petitioned for custody of the children. The circuit court denied the petition and was affirmed by this court in Taylor v. Taylor, Ala.Civ.App.,372 So.2d 337, writ denied, 372 So.2d 341 (1979).
The father again seeks custody of the children.
Testimony was heard by the trial judge on two days, January 15, 1980, and March 3, 1980. In the interim the father filed a motion for temporary custody of the children. This motion was denied on January 22. On January 23, before the parties were given formal notice of the denial, counsel for the father spoke with the trial judge by telephone. The subject matter of this conversation was the father's motion for temporary *Page 851 
custody. The father's counsel was told that the evidence presented on January 15 did not warrant granting the father's motion for temporary custody and that the motion was being denied.
The father then moved for a mistrial and recusal on the grounds of bias, prejudice, or expressed fixed opinion. This motion was also denied.
Viewing the record with the attendant presumption accorded the trial court's decree, we find the following: The father testified that he was financially unable to support the children. The father relied on his father, grandfather of the children, for financial support. The grandfather assured the trial court that he would provide for the children if his son could not.
The mother remarried on October 23, 1979. The record shows that this marriage has been marked by several separations and reconciliations. At the time of trial the mother was living with her present husband.
The record further shows that the mother had some difficulty in choosing between her present husband and another man. She had been engaged to both men for short periods at separate times prior to her remarriage.
During a period of approximately six weeks commencing in early October, 1979, the mother and the children changed residences three times. These changes in residence were related to the mother's engagements, her marriage, and the separations from her present husband.
The father and several members of his family testified to the effect that the instability of the mother's household created emotional disturbances in the children.
The oldest child's teacher testified to the effect that that child was well adjusted and doing well in school.
The only testimony concerning the emotional state of the youngest child was that of the father and his family. This testimony was to the effect that the child was disturbed.
In November, 1979, the oldest child was ill with stomach cramps, nausea, and vomiting. The father testified that it was his belief that illness was the product of emotional distress.
The physician who treated this child's illness testified that he saw nothing unusual in the child's emotional state.
There was testimony that the children were well clothed, well fed, and generally well cared for and that they showed no signs of physical abuse.
 I
When a party to a divorce seeks modification of the child custody provisions of the original decree he must show a material change in circumstances which adversely affects the welfare of the children. Hodges v. Nelson, Ala.Civ.App.,370 So.2d 1020 (1979). The trial judge who hears the evidence oretenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change and he "will not be reversed on appeal save for plain and palpable error and abuse of discretion." Smith v. Smith, Ala.Civ.App., 334 So.2d 915 (1976).
In all cases involving child custody the predominant consideration is the best interest and welfare of the child.Gandy v. Gandy, Ala.Civ.App., 372 So.2d 1016, writ denied,370 So.2d 1019 (1979).
Applying these principles to the above indicated facts, particularly the father's inability to support the children, we cannot say that the trial court abused its discretion by refusing to transfer custody of these children to the father.
 II
With respect to the trial judge's refusal to recuse himself we find no error. Canon 3 C (1), A.C.J.E., Code of Ala. 1975, provides in pertinent part:
 A judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned. . . ." *Page 852 
Canon 3 C (1) does not, however, require disqualification "upon mere accusation of bias unsupported by substantial fact."Taylor v. Taylor, Ala.Civ.App., 359 So.2d 395 (1978); Wallacev. Wallace, Ala.Civ.App., 352 So.2d 1376 (1977). In other words, the party seeking recusal must come forward with evidence establishing the existence of bias or prejudice.
The father relies on the telephone conversation between his counsel and the trial judge as evidence of bias, prejudice, and expressed fixed opinion. First of all, it must be noted the conversation concerned the father's motion for temporary custody rather than his petition for permanent custody. Further, at the time of the conversation the motion for temporary custody had already been denied. The trial judge did no more than communicate his reasons for denying the father's motion, i.e., the evidence presented thus far did not warrant granting temporary custody to the father. The trial judge's statement was not the expression of a fixed opinion. It was no more than an explanation of the denial of the motion for temporary custody.
There is no evidence suggesting that the trial judge was biased or in any way predisposed towards this particular mother on the issue of permanent custody.
There is no evidence to support the father's charge of bias, prejudice, and fixed opinion. There was no error in the trial judge's refusal to disqualify himself. See, Taylor v. Taylor, Ala.Civ.App., 359 So.2d 395 (1978).
 III
The father contends the trial court erred by failing to find or recite a finding of the best interests or welfare of the children in its final order. There is no error here. The trial court need not include a recital of findings of fact or conclusions of law in its final order unless a statute specifically requires it to do so. Rule 52 (A), ARCP. There is no statute requiring such recital in this case.
The mother has requested an award of attorney's fees for this appeal. An award of $500 is hereby granted.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.