HOLMES, Judge.
This is a child custody case.
*1044 The Circuit Court of Coffee County divorced the parties and awarded custody of the parties’ two minor children to the father. The mother appeals and through able and distinguished counsel contends that the trial court abused its discretion in awarding custody to the father. We find no such abuse as to require reversal and affirm.
Viewing the record with the attendant presumptions, the following facts are pertinently revealed:
The parties were married in 1968. They have two daughters, Aimee and Lori, who were eight and nine, respectively, at the time of trial. The family has resided in Ino, Alabama, since the children were very young. The parties were separated in November of 1979. At that time, the mother left the father, taking the girls with her to her mother’s home in Opp.
There were some attempts at reconciliation while the mother and girls were in Opp. While these attempts were being made, the mother admitted being involved with another man and having sexual intercourse with him. The children were aware that the mother was involved with this man.
On one occasion, after the separation, the mother threatened self-destruction while the children were present. Specifically, the father had convinced the mother and children to leave Opp and come home. While at the parties’ home the father and mother had an argument in the presence of the children. During the course of the argument, the mother locked herself in a room with a pistol. The father broke into the room and took the pistol away from her. After this episode, the trial judge awarded temporary custody of the girls to the father.
Thereafter, the mother moved to Dothan and took a job. Upon moving into an apartment in Dothan, the mother gave an extra apartment key to a male friend. That same male friend visited with the mother while the children were visiting the mother.
Since the separation the father has resided in the couple’s home in Ino and the children have been able to attend the same school and remain involved in church activities. Although the father did move to Savannah last summer for several months for job training, he planned to return to Ino with the girls at the conclusion of his training.
We would be remiss in not commenting that in addition to the above there is ample evidence that the wife is a loving and caring mother.
The record further reveals that, with knowledge of the parties and without objection, the trial judge held an in camera conversation with the children. The content of this conversation is not included in the record. Neither party requested a transcription of this conversation.
As stated above, the dispositive issue is whether the trial judge abused his discretion in granting custody of the minor children to the husband.
Determination of child custody rests in the sound discretion of the trial court and the exercise of such discretion will not be reversed except for plain and palpable abuse. Collum v. Collum, 53 Ala.App. 6, 296 So.2d 907 (1974). Furthermore, there is a strong presumption favoring the trial court’s finding in child custody cases. Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342 (1973).
In view of the facts as stated above, with particular emphasis on the father’s ability to provide a stable home environment for the girls, we find no abuse of discretion as to require reversal. To reverse this case would require this court to substitute its judgment for that of the trial court. This the law does not permit. Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
In addition, we note that there was evidence before the trial court which is not before this court; i. e., the in camera conversation with the children. It has long been established that this court may not disturb a trial court’s finding of fact *1045 “where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us.” Hagler v. Hagler, 50 Ala.App. 266, 278 So.2d 715 (1973), citing Mason v. Mason, 276 Ala. 265, 160 So.2d 881 (1964).
We feel constrained to comment that it is obvious that the children in the instant appeal have the love arid affection of both parents. The trial court was required to make a difficult decision as to which party would have primary custody. That decision was made and has now been affirmed by this court. It would be this court’s hope that now all parties concerned would join together and concentrate their efforts on behalf of the children.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.