This is a child custody case.
The father filed a petition to modify the child custody provisions of a divorce decree. The trial court after an oretenus hearing denied the father's petition and ordered the mother to retain custody of the child.
The father appeals, contending the trial court abused its discretion by denying his petition for modification. We find no abuse and affirm.
The record in the instant case consists of a statement of evidence prepared pursuant to rule 10 (d), A.R.A.P. This statement of evidence contains very few pertinent facts. The most that can be gleaned from the statement is that neither party is a model parent. Specifically, there is evidence that the mother has at least on one occasion attempted suicide and that the father has a criminal record.
When a party to a divorce seeks modification of the child custody provisions of the original decree, he must show a material change in circumstances which adversely affects the welfare of the child. The trial judge who hears the evidenceore tenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change and he will not be reversed on appeal save for plain and palpable error and abuse of discretion. Taylor v. Taylor,387 So.2d 849 (Ala.Civ.App. 1980).
This court in determining whether there has been an abuse of discretion can only look to the record for the evidence and cannot consider evidence outside the record. The alleged abuse must be affirmatively demonstrated by the record before us.Mauldin v. Mauldin, 399 So.2d 858 (Ala.Civ.App. 1981).
As indicated, the record in the instant case contains very little pertinent evidence. As stated above, the most that can be gleaned from it is that neither party is a model parent. With only this limited evidence before us, we cannot say that the trial judge abused his discretion in denying the father's petition for custody. To do so would be to substitute our own judgment for that of the trial court. This the law will not allow. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707
(1975).
The father also contends the trial judge abused his discretion by failing to give proper consideration to a report prepared by the Department of Pensions and Security. This report recommended that custody be awarded to the father.
The trial judge may receive oral and written reports from the Department of Pensions and Security and he may rely upon them to the extent of their probative value. See, Kelley v. StateDept. of Pensions Security, 366 So.2d 736 (Ala.Civ.App. 1979). But, the trial judge is not bound by any recommendation contained in such a report.
We find no abuse of discretion in this regard.
Finally, the father contends the trial judge was not qualified to try the instant case. We find nothing in the record to indicate that this issue was raised below. The issue of the trial judge's qualifications cannot be raised for the first time on appeal. Wambles v. Coppage, 333 So.2d 829
(Ala.Civ.App. 1976).
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1035