This is a child custody case
The parties to this proceeding were divorced on June 1, 1978 and custody of the two minor children was awarded to the mother. The father was ordered to pay $50.00 a week child support and he was given specific visitation privileges
On September 26, 1980 the father filed a petition for modification of the divorce decree seeking custody of the two minor children mainly on the ground that he had great difficulty visiting and contacting the children since they were now living with their mother in Gainesville, Florida. The trial court had previously issued an order prohibiting the mother from removing the children from the jurisdiction of the court but the removal had taken place before the mother was served with the order. Upon the filing of the modification petition the trial court entered an ex parte order granting temporary custody of the children to the father
Armed with this ex parte order, and before the mother had been served with a copy of it and a copy of the modification petition, the father went to Gainesville, Florida, met the school bus carrying his son, picked him up and returned with him to Decatur, Alabama. The father made no effort to take physical possession of the little girl. Upon learning that the father had taken the son to Alabama, the mother filed an answer to the modification petition and a counterclaim seeking to have custody of the two children restored to her
After a hearing the trial court granted custody of the son to the father, granted custody of the daughter to the mother and decreed very specific visitation privileges for the mother and the father. The mother's motion for new trial was denied and she appeals
The determinative issue here is whether there has been a material change in circumstances since the divorce decree to justify changing custody of the son from the mother to the father. We find none and reverse
The record shows that subsequent to the divorce the parties frequently failed to comply with the child support and visitation portions of the decree and this caused considerable animosity between them. The *Page 934 
mother's move to Florida, effectively preventing easy access to the children by the father, appeared to precipitate the father's efforts to obtain custody of the children, especially the son
The evidence tends to show that the father was of the opinion that the mother was without authority to take the children to Florida without first obtaining his approval. The mother testified that she told the father that she was taking the children to Florida some months before she did so, but that he laughed at her
The mother testified that she moved to Florida for financial reasons, not to prevent the father from seeing his children, and since doing so, she has remarried and her new husband works two jobs to support the family. Because she is being supported by her new husband, the mother said she is able to devote her full time to caring for the children
The father stated that he had remarried several days before the hearing in this matter and that his new wife worked on the same shift at the same plant with him; that during the time that he and his new wife worked, his mother looked after the little boy
The evidence is without dispute that both parents love the children and want to be their custodians. Also, there is no significant evidence that the parents are unfit to be the children's custodians
The area of the evidence that is in dispute relates to the visitation of the children with the father. The father complained that the mother would not let him visit the children nor would she allow the children to talk to him on the telephone. The father admitted that on occasions when he was denied visitation he was behind in child support payments. It was also undisputed that the father had been permitted to have the children visit in his home on two separate occasions for a total of twenty-one days within six months of the filing of the modification petition. The mother stated that on most occasions when the father requested visitation, it was allowed. She did say, however, that one time he appeared at her home in Gainesville, without prior notice, seeking visitation and she refused. She also admitted that she told her former husband on one occasion that he could not visit the children and that she would not come back to court in Alabama, but she said these statements were made right after the father had come to Florida and obtained possession of the son without her knowledge and, as a result, she was emotionally upset
As always in child custody matters, the welfare and best interests of the child are of paramount consideration for the court. Taylor v. Taylor, 387 So.2d 849 (Ala.Civ.App. 1980). And the party seeking a modification of a child custody decree must show a material change in circumstances since the last custody decree that adversely affects the welfare of the child. Taylorv. Taylor, supra. Moreover, the party seeking modification has the burden of proof. Cheatham v. Cheatham, 344 So.2d 525
(Ala.Civ.App. 1977)
It is axiomatic that where the trial court hears the evidence ore tenus, its decree will not be reversed except for plain and palpable abuse of discretion. Smith v. Smith, 334 So.2d 915
(Ala.Civ.App. 1976)
Reviewing the evidence in the light of the above enumerated principles of law, we see a mother who has had custody of her two children for most of their natural lives — the children were five years old and three years old at the time of the hearing. She was a fit mother who loved and cared for her children. The oldest child, the son, was attending kindergarten and doing well. The daughter was well and happy except for a chronic ear problem that required attention
Although the mother's family was of modest means, there is no evidence that the children lacked the necessaries of life and there is no evidence that they lacked the love and affection of the mother and stepfather. By the same token there is no evidence that the father does not love his children. So, where is the change in circumstances since the last custody decree *Page 935 
that has so adversely affected the welfare and best interests of the son as to warrant a change in his custody?
As best we can discern from the pleadings and proof, the real bone of contention of the father is the fact that the mother moved to Gainesville, Florida, a distance of some five hundreds miles, and thus made it more difficult for him to visit with his children
To begin, it should be noted that when the mother took the children to Florida to live there were no court orders preventing her from doing so and, in the absence of such orders, she had a right to take the children to FloridaCheatham v. Cheatham, supra.
If Mrs. Pons had a right to take the children to Florida and she is a fit mother to care for the children — and the trial court obviously thought she was because it left the custody of the three year old daughter with the mother — what facts show a material change in circumstances so as to authorize a change in custody of the five year old son from the mother to the father? We are unable to find any such facts
Should it be contended that the mother had refused visitation and telephone contact with the children, the evidence shows very few instances when this was done, and then it was precipitated by the attitude of the parents toward visitation and child support, i.e. the parents were giving vent to their feelings toward each other in this manner. The children were the pawns in the parents' personal battle. And, as we said inThorne v. Thorne, 344 So.2d 165 (Ala.Civ.App. 1977), the parents' dispute over visitation and child support can be and should be solved by the parents. Visitation disputes should not be settled by changing custody of children from one parent to another absent other viable reasons. The trial court is well able to require adherence to its visitation orders by other means
For the above noted reasons we find that the father failed to carry the burden of proof required for modification of a child custody decree and, as a consequence, that the trial court erred in awarding custody of the five year old son to the father. Also, it is the finding of this court that the reduction in child support from $50.00 a week to $25.00 a week due to the award of custody of the son to the father should be set aside and the child support award of $50.00 per week as set out in the divorce decree be reinstated. All other aspects of the decree are affirmed
The case is remanded to the trial court for entry of judgment awarding custody of the son to the mother and awarding the mother $50.00 per week child support
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS
WRIGHT, P.J., and HOLMES, J., concur