The mother of two minor children sought modification of a child custody award to the father. The trial court, after an ore tenus
hearing, made certain changes in the prior decree as it related to the children. The father appeals and the mother cross-appeals. We affirm.
On February 6, 1980, the mother petitioned the court to modify an earlier divorce decree which placed the children in the custody of their father. She alleged that, due to a material change in circumstances, the children should be placed in her primary custody. The trial court entered a pendente lite judgment which required the mother and father to consult with a family counseling service in an attempt to work out a plan of custody which was agreeable to both mother and father. No such agreement was reached.
Final judgment on the mother's petition to modify was entered on September 16, 1980. Though the court found a material change in circumstances, it allowed the two minor children to remain in the principal custody of their father. The mother, however, was to be afforded as much association with the children as was reasonable in order that the children be afforded the benefits of maternal association to the fullest extent possible. Both the mother and father were to share responsibility and control of the children. In addition, the trial court required the mother and father and, when appropriate, the children to continue to avail themselves of the facilities of the family counseling service. The father was required to pay $3,600 per year as child support to the mother.
One month later, in October, the father made a motion to alter, amend or vacate the September 16 judgment. The father asked the trial court to delete from the judgment the requirement that he pay $3,600 per year child support and the requirement that he and the mother consult with the family counseling service.
In November, 1980, the mother filed a motion with the trial court seeking to have the father held in contempt for failure to pay child support as required by the September 16 judgment. She later amended that motion to again ask that she be given primary custody of the children. Alternatively, the mother asked the court to grant her specific visitation privileges with the children.
The trial court, on January 5, 1981, heard oral testimony on the motions of both the father and mother. After considering all the evidence, the court, on January 15, 1981, found the father in contempt for failure to pay a portion of the child support required to be paid by the September 16 judgment. The court further found that there had been a substantial change in circumstances[1] since the September 16 judgment. Pursuant to this finding, the court modified the September 16 judgment by reducing the amount of child support to be paid from $3,600 per year to $2,880 per year. The *Page 835 
court further granted custody of the children to the mother one weekend each month and two months during the summer. The court specifically reaffirmed the portion of the September 16 judgment that required the mother and father to consult with family counseling professionals. Finally, the court awarded $350 to the mother for attorney's fees in conjunction with the contempt aspect of the case and taxed costs against the father.
As indicated, both parties appeal from the aforementioned proceedings.
The father, as appellant, contends the trial court erred in four instances.
Initially, he contends the trial court erred in awarding the mother child support when he, as the father, had primary custody of the children. Expanding upon his initial argument, the father next contends that the court erred in holding him in contempt for failure to pay child support. He reasons that if the support order was unlawful, then he could not default in the payment of a sum not due. Thirdly, the father contends the court committed error in requiring him and the mother to attend counseling sessions.
Finally, the father contends the court erred in awarding an attorney's fee to the mother for representation during the combined contempt-modification proceedings which culminated in the judgment of January 14, 1981.
The mother, as cross-appellant, contends the trial court erred in two instances. First, the mother contends the court erred in failing to award primary custody of the children to her. Second, she contends that the trial court erred in failing to award an attorney's fee to her for representation in the modification proceedings brought by her.
First, we will consider the contentions of the father:
The father, as indicated initially, contends the trial court erred by requiring him to pay child support when he had primary custody of the children.
Through able counsel in brief, the father relies on this court's decision in Modling v. Modling, 45 Ala. App. 493,232 So.2d 673 (1970), where we said a noncustodial parent was not entitled to child support for periods of visitation.
In the instant case, viewing the trial court's action with the attendant presumptions, the trial court ordered that "[b]oth the mother and father are to share in the responsibility and control of the children" and further ordered that "the mother of the children shall be afforded their custody at least one weekend each month . . . [and] shall have full custody of the children for at least two months in the summer. . . ." (Emphasis supplied.) This case, then, differs from Modling. In Modling, the mother was merely given visitation rights. It can be gleaned from the judgment in the action before us, though, that the mother and father were to share in the custody of the children.
It was not improper for the trial court in this action to award child support to be used for the benefit of the children while they are in the primary care of the mother. McGregor v. McGregor,257 Ala. 232, 58 So.2d 457 (1952). It is interesting to note that the trial court provided that child support funds paid to the mother were to be placed in a trust account for the children. Any funds not expended for their benefit were to be distributed to the children at age 19. The mother will have custody of the children for a substantial portion of each year. The mother is not employed, while the father earns in excess of $40,000 per year. Furthermore, the mother now lives 300 miles from the father and two children. The trial court recognized that the mother might use these funds to pay for some of the expenses incurred for transportation. This court specifically approved, in Collierv. Collier, 57 Ala. App. 208, 326 So.2d 769 (1976), the requirement that the parent with primary custody should pay transportation expenses for the children. See also Wheeler v.Wheeler, 249 Ala. 119, 29 So.2d 881 (1947). *Page 836 
In view of the above, we find no reversible error in the trial court's action regarding the award of support payments.
The father also contends the trial court erred by holding him in contempt for failure to pay $600 in child support. We disagree. The basis of the father's contention is that he could not be held in contempt because the trial court was in error in requiring him to pay child support. As indicated above, however, the award of child support was within the discretion of the trial court. The trial court found the father was in contempt of court for refusing to pay child support.
Appellate review of a judgment of contempt is by way of an appropriate extraordinary writ and not by appeal. Williamson v.Williamson, 391 So.2d 115 (Ala.Civ.App. 1980). Put another way, where there is any evidence in the record to support the trial court's finding of contempt, this court will affirm the judgment.
The trial court's judgment in this instance is supported by evidence in the record, especially by the father's own admission that he was able to pay the amount of child support awarded.Brady v. Brady, 358 So.2d 744 (Ala.Civ.App.), cert. denied,358 So.2d 748 (Ala. 1978).
The father next argues that the trial court erred in requiring the mother, father, and children to attend counseling sessions with a group of psychologists known as Child-Family Consultants. We note at the outset that matters involving custody are within the discretion of the trial court. Dasinger v. Dasinger,369 So.2d 813 (Ala.Civ.App. 1979). The prevailing consideration in child custody matters is the best interest of the children. Gandyv. Gandy, 370 So.2d 1016 (Ala.Civ.App.), cert. denied,370 So.2d 1019 (Ala. 1979).
The trial court ordered that the children be made available to the consultants and that the parties should "attend any consultation the consultants find consistent with the emotional well being of the children."
We find no abuse of discretion in view of the fact that the order is geared to the well being of the children. Indeed, since the mother now lives in another state, it appears the trial court was not concerned that the mother and father themselves receive counseling. Rather, the trial court was only trying to ensure that the two children were afforded professional assistance to help them cope with the trauma associated with divorce and custody disputes. The order may later be modified by the trial court if it determines that counseling is no longer in the best interests of the children or if it determines that the sessions have become an undue financial hardship on the father when the money spent for such services can best be used in another manner for the children.
Finally, the father argues the trial court abused its discretion in awarding an attorney's fee to the mother on her motion to hold the father in contempt. Section 30-2-54, Code of Ala. 1975, provides that attorneys' fees may be awarded in actions to recover support where there have been contempt citations. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.),cert. denied, 376 So.2d 1099 (Ala. 1979). We find there was no abuse of discretion on the part of the trial court in its award of an attorney's fee since the father was found to be in contempt of court.
As stated earlier, on cross-appeal, the mother raises two issues that, she contends, warrant partial reversal of the trial court.
As to the mother's contention regarding the custody of the children, we note that prior to entering its orders of September 16, 1980, and January 14, 1981, both of which maintained the father as the primary custodian of the children, the trial court heard evidence from both parties in support of their positions. We do not deem it necessary to set out in detail the testimony presented before the trial court. Suffice it to say, as indicated, both parties presented evidence indicating that each was the proper party to be awarded primary custody. It was the duty of the trial court to resolve the conflict. Brooke v.Brooke, 57 Ala. App. 704, 331 So.2d 715 (1976). *Page 837 
This court has held on numerous occasions that where a trial court conducts an ore tenus hearing, it will be reversed only upon a showing of plain and palpable error. Lowery v. Lowery,391 So.2d 120 (Ala.Civ.App. 1980); Taylor v. Taylor, 387 So.2d 849
(Ala.Civ.App. 1980). Where there is credible evidence to support the trial court's judgment, as in the case before us, this court cannot say the judgment was plainly and palpably erroneous. Raidtv. Crane, 342 So.2d 358 (Ala. 1977). Consequently, the mother's first contention as cross-appellant is without merit.
The mother next contends that the trial court erred in failing to award her an attorney's fee in relation to the modification aspect of the decree.
The award of attorney's fees in a modification proceeding is a matter within the discretion of the trial court. Green v. Green,380 So.2d 884 (Ala.Civ.App. 1980); Murphree v. Murphree,366 So.2d 1132 (Ala.Civ.App. 1979). While the trial court could have, without error, awarded an attorney's fee, this court cannot, in view of all the circumstances as indicated, find the trial court committed reversible error in failing to do so.
The mother requests an attorney's fee for representation on appeal. A fee of $350 is awarded for such representation.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] The court noted specifically that the mother had moved to Georgia.