BRADLEY, Judge.
This is a child custody case.
The parties to this proceeding were divorced in January 1981. The mother was awarded custody of the two minor children, ages two and four. The father was given visitation privileges, and the mother posted a bond to assure that his privileges would be honored. Subsequently, the father filed a petition for modification based on material change in circumstances. In seeking custody of the children, he alleged that the mother did not properly care for them, that she did not spend sufficient time with them, and that she frequently left them with a babysitter or in a day care center. He also claimed that her behavior was erratic and that she had abused the children. After a hearing, the father was awarded custody.
In a child custody modification action, the moving party has the burden of proving a material change in circumstances which adversely affects the best interests and welfare of the child. The trial court which hears the evidence ore tenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change, and it will not be reversed on appeal except for plain and *273 palpable abuse of discretion. Murphy v. Quinn, 402 So.2d 1033 (Ala.Civ.App.1981).
The trial court in its custody order noted that the mother had cohabited with a man whom she later married. He further expressed concern that this marriage had not lasted for a sufficient length of time to determine whether it would work out and whether her new husband would be compatible with the children.
In reviewing the record, we find that there is evidence, although sometimes contradictory in nature, to support a finding that the mother would leave the children during the evenings and on weekends. There is also evidence, although again contradictory, to support a conclusion that the mother had severely disciplined her four-year-old daughter on several occasions and that such acts followed a pattern which had begun during her marriage to the children’s father.
By the mother’s own testimony and other evidence on the record, she had cohabited with her present husband during a period of time before his divorce had become final. In Junkin v. Junkin, 332 So.2d 392 (Ala.Civ.App.1976), we stated:
“The evidence in this case is sufficient for the court to find that the mother places her entertainment and social pursuits ahead of her regard for the child. The question is not the presence or absence of sexual activity in her social life; rather, the trial court must determine whether the emphasis on social life, promiscuous or chaste, detracts from a stable, worthwhile home environment for the child.”
We believe this rationale applies with equal force to the evidence in the case at bar. Moreover, we are well aware of the requirement that a material change in circumstances must be shown to warrant a change in the custody of a child. The trial court found that the burden had been met by the father, and we are not prepared to say that the court is plainly wrong.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.