This is a child custody modification case.
The parties to this appeal were divorced in 1973, and the custody of the parties' three children was awarded to the mother. As reflected by the record, the mother has been in court many times seeking enforcement of the child support aspect of the divorce decree.
On December 29, 1982 the father filed a petition seeking modification of the custody decree. He wished to have custody of the two oldest children, a girl and a boy.
By agreement the testimony of each party's witnesses was stipulated to and the parties' three children were interviewed by the court in chambers without the parties or their attorneys being present. A court reporter and court aide were present and the proceedings were recorded. After a consideration of all the evidence, the court denied the request for modification. The father appeals. *Page 124 
The party seeking modification of a child custody decree has the burden of showing a material change in circumstances which adversely affects the welfare of the child. Murphy v. Quinn,402 So.2d 1033 (Ala.Civ.App. 1981). A court which hears the evidence is in the best position to ascertain whether there has been such a change in circumstances as to require a custodial change and its decision will not be overturned except for an abuse of its discretion. Taylor v. Taylor, 387 So.2d 849
(Ala.Civ.App. 1980).
The evidence shows that the children have been in the custody of the mother since 1973. The two children in question are dyslexic and had been in a private school up until recently. The mother stated that she had to take the children out of the private school and place them in a public school because of lack of funds. Over the years the mother has had a most difficult time getting support money from the father.
The evidence tended to show that the mother was more of a disciplinarian than was the father. She required the children to do chores around the house and to follow a schedule. She helped them with their school work and took them to counseling sessions. She also took them to church regularly and the father did not take them to church. She worked and took care of the children's needs as best she could with little help from the father.
The evidence about the father's relationship with his children tended to show that he apparently wanted the custody of the two oldest children but that he was more permissive with them than was the mother. For example, there is evidence that he let the two children drive an automobile on a public road alone. They were also told that if they came to live with him they would have no chores to do. The oldest child is fifteen.
There is also evidence in the record that when the children visit with their father he, at times, leaves them alone in his trailer until late at night or, on occasion, has left them alone all night.
The evidence does show that the two oldest children expressed a desire to live with their father.
The father argues in brief that the court erred by not abiding by the wishes of the children to live with him. The wish of a child to be with its father is not compelling on the court but such wish is a factor for consideration by the court.Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979). The ultimate decision of the trial court must be based on what is in the best interests of the child. Livengood v. Sechler,382 So.2d 567 (Ala.Civ.App. 1980).
After a careful examination of the evidence in this case, a part of which is set out above, we are not convinced that the trial court abused its discretion in refusing to change the custody of the two oldest children from the mother to the father. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., not sitting.