This is a child custody case.
The trial court, after an ore tenus hearing, transferred custody of the couple's two minor sons to the father. The mother, through able counsel, appeals and we affirm.
The couple was divorced in April 1978. By agreement custody of the couple's sons, Matt, now aged fourteen, and Jamie, eight, was awarded the wife. The father was required to pay $400 a month child support. Eighteen months later the wife remarried. By later agreement the husband's child support obligation was reduced to $200 a month.
In August of 1982, the husband filed a petition to modify custody, seeking a joint custody arrangement whereby he would have primary custody of the children during the school year and his wife would have primary custody during the summer months. As a ground for that change, the husband attempted to prove that the relationship between the eldest son, Matt, and his mother had deteriorated.
After an ore tenus hearing, the court denied the change of custody in a February 1983 order, stating that with three and one-half months remaining in the school term it would not be in the best interests of the children to change custody at that time. The court specifically reserved jurisdiction over the custody matter to make such further orders as became necessary. *Page 768 
In June of 1983, the husband filed a second petition to modify, again seeking the joint custody arrangement on the basis of the deteriorating relationship between Matt and his mother. The court held a second ore tenus hearing, and with the consent of both parties, the judge examined the two minor sonsin camera. Neither party requested that a court reporter attend the in camera examination in order to produce a transcript. By order dated August 4, 1983, the court modified the previous custody arrangement, vesting custody jointly in the parents, with the father to have primary care of the children during the school months and the mother to have primary custody during the summer months. The court also terminated all the father's child support obligations, ordering both parties to provide reasonable support for maintenance of the children while the children were in their respective care.
On appeal the wife contends that the trial court erred in three respects: in changing custody because there was no evidence of any material change of circumstances, in failing to provide child support to the mother during the summer months, and in failing to award the mother reasonable attorney fees, costs, and expenses. We will examine each ground separately.
The determination of child custody issues is committed to the sound discretion of the trial judge. The exercise of such discretion will not be reversed on appeal absent a plain and palpable abuse of such discretion. Johnson v. Johnson,395 So.2d 1043 (Ala.Civ.App. 1981). When a modification of a custody arrangement is involved, the applicable standard is materially changed circumstances. Anonymous v. Anonymous,277 Ala. 634, 173 So.2d 797 (1965).
As stated above, the changed circumstance relied upon to justify the custody change in the instant case is the deteriorating relationship between the eldest son, Matt, and the mother. There is evidence that since the divorce Matt has, with an increasing frequency, expressed a desire to live with his father. After periods of visitation with his father, Matt often becomes unruly, begging his mother to allow him to visit longer with his father, at times throwing temper tantrums, and on one occasion, even cursing his mother. The father remarried in November of 1982, and there was evidence that Matt and Jamie got along well with their new stepmother's son, and that the father and new stepmother were concerned that a stable family environment be provided during periods of visitation. Prior to the hearing on the husband's first modification petition, the mother took the sons to a counselor, and one of the topics discussed was Matt's feelings toward his father. There was no evidence in the record that the younger son, Jamie, also behaved in this manner.
Matt was not called to the stand to testify as to his custody preference; however, as stated above, with the consent of the parties both children were examined in camera by the trial judge. As neither party requested that a transcript be made of the examination, we have no indication of what transpired within the judge's chambers.
Of course the paramount consideration in a custody matter is the best interests of the child, and the fact that an older child of sufficient judgment may prefer to live with a certain parent may be weighed by the court, even though the child's wishes are not controlling. McGregor v. McGregor, 257 Ala. 232,58 So.2d 457 (1952); Garrison v. Kesek, 406 So.2d 953
(Ala.Civ.App. 1981).
"Alabama has long recognized that judges may conduct incamera interviews with minor children, who are the subject of divorce custody proceedings," provided that the parties have consented thereto. Anonymous v. Anonymous, 353 So.2d 515, 517
(Ala. 1977). If neither party requests that a transcript be made of the interview, however, the record on the appeal of such case is incomplete, and therefore, an affirmance is mandated by the rule stated in Eaton v. Shene, 282 Ala. 429,430, 212 So.2d 596, 598 (1968) ("[W]here there *Page 769 
was evidence before the trial court and not before [the appellate court], which may have influenced [the trial court] at arriving at the conclusion it reached, we cannot disturb that finding"). Accord, Johnson v. Johnson, 395 So.2d 1043
(Ala.Civ.App. 1981). Accordingly, we must reject the wife's first issue on appeal.
We would further note that, even without the in camera
examination, there appears, under the appropriate standard of review, evidence to support the trial court's order.
The second issue, that of child support payments, also does not mandate reversal.
Prior to the custody modification, the wife was, per her agreement, receiving only $200 per month in support payments. However, in the past year, the mother accepted a new job as a regional manager with a truck rental concern, which she testified entailed a raise of about four to five thousand dollars a year. Although her new husband was currently between jobs, the wife testified that he had several attractive job prospects. Based upon this evidence the court terminated support payments to the wife and ordered that both parents provide reasonable support for the children.
Although Alabama law allows the setting of child support obligations in a split custody arrangement, see, e.g., McGregorv. McGregor, 257 Ala. 232, 58 So.2d 457 (1952); Foster v.Foster, 409 So.2d 833 (Ala.Civ.App. 1981); but see Modling v.Modling, 45 Ala. App. 493, 232 So.2d 673 (1970); we can find no error in the court's action in the instant case. There is no mandatory requirement that a court direct the payment of child support in every case. See Anonymous v. Anonymous,353 So.2d 510 (Ala.Civ.App.), rev'd and remanded, 353 So.2d 515 (Ala. 1977). The amount of child support is committed to the sound discretion of the trial court, reversible only for a manifest abuse of discretion. See, e.g., Hall v. Hall, 391 So.2d 122
(Ala.Civ.App. 1980). We find no error in requiring the mother, while the child is in her custody, to provide reasonable support consistent with her means. See Williamson v.Williamson, 391 So.2d 115 (Ala.Civ.App. 1980).
The final issue is that of attorney fees. The wife contends that the trial court erred in failing at the trial level to award her reasonable attorney fees, costs, and expenses. We note that the record is devoid of any request by the wife in the trial court for an award of fees. Even so, such a matter is committed to the discretion of the trial court, and we find no abuse of discretion. Accordingly, the judgment below is due to be affirmed.
Both parties' requests for attorney fees on appeal are denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.