BRADLEY, Judge.
This is a child custody modification case.
Jerry Lansdell and Sharon Sanderson Lansdell Russell were divorced in 1976. The decree granted Mrs. Russell custody of their two children, Jerry Lynn (age 12) and Misty (age 7).
On August 18, 1982 Lansdell filed a modification petition asking the court to award him custody of his children. Lansdell was granted temporary custody of the children and the matter was set for a hearing.
Mrs. Russell answered and counterpeti-tioned for an increase in child support. After a hearing the trial court refused to change the custody of the children, and increased child support to $300 per month. There was a request by Lansdell for a new trial and a request that Judge Burney re-cuse himself. Judge Burney granted a new trial and then recused himself. A new judge was appointed to hear the case.
Lansdell filed a motion seeking a psychological examination of his son, Jerry Lynn. The motion was denied. A trial was held on the merits and an order issued refusing to change custody of the children, increasing child support to $300 a month for both of the children, and giving the parties specific visitation rights. Mr. Lansdell’s motion for new trial was overruled and he appeals.
Petitioner’s first contention is that the trial court abused its discretion in not giving him custody of the children.
We have consistently held that the trial court is in the best position to determine whether there has been a sufficient change in circumstances to warrant a change in child custody. Hutchinson v. Davis, 435 So.2d 1303 (Ala.Civ.App.1983). Furthermore, child custody is a matter that is addressed to the sound discretion of the trial court and the exercise of that discretion will not be overturned except for an abuse of discretion or plain error. Sanders v. Sanders, 435 So.2d 123 (Ala.Civ.App.1983). Also, the party seeking a change in custody has the burden of proving a material change in circumstances that adversely affects the welfare of the child. Sanders v. Sanders, supra.
Although the evidence is in sharp dispute in several material areas, there is evidence in the record to support the trial court’s decision to leave custody of the children with the mother.
The evidence shows that the parties to this proceeding were divorced in 1976 and the two children were placed in the care and custody of the mother. The children have been with the mother for most of the time since then. The son, now twelve years old, spent about one year in the custody of his father by agreement of the parties. He is now back in the custody of his mother.
The mother is now married and she and her husband both work. When she is not working, she does her own housekeeping and cooking. She loves her children and, according to other witnesses, is a good mother. Several of the children’s teachers testified that the mother was interested in the welfare of her children and came to the school when needed. The father never *1310 cheeked on how his children were doing in school.
During the year that the son was in the custody of his father, the son made failing grades in school and was taken out of school by his father before the end of the school year. The son is now in school and making average grades.
The record shows that the mother takes good care of her children and sees that they are clean and properly dressed.
The mother testified that she did not drink alcoholic beverages, that she was not abused by her husband, and they did not have drunken parties.
The mother said that her son has had emotional problems in the past but is doing much better now. He will do even better when the present litigation is concluded. We find no error in this aspect of the case.
Mr. Lansdell says next that the trial court erred by increasing the child support to $300 a month.
Child support awards may be modified by a trial court upon a showing of a material change in circumstances, and such a modification will not be reversed except for an abuse of discretion. Ezell v. Ezell, 440 So.2d 560 (Ala.Civ.App.1983).
The evidence shows that by agreement of the parties child support was reduced in 1979 from $50 a week to $10 a week. The mother testified that she cannot support the children on her salary. She said she provides ninety percent of their clothing and all of their school supplies. The husband is presently earning about $900 a week. The children are twelve years old and seven years old and, in view of the needs of the children, especially when school lunches amount to $20 a week, we do not consider the award of $300 a month for the support of both children to be an abuse of discretion. No error in this aspect of the decree.
Mr. Lansdell’s final issue is that the trial court erred in refusing to order a psychological examination for the son.
Rule 35, Alabama Rules of Civil Procedure provides, in pertinent part, as follows:
“When the mental or physical condition ... of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control.” (Emphasis added.)
We said in Balfour v. Balfour, 413 So.2d 1167 (Ala.Civ.App.1982), that a motion made pursuant to rule 35(a) should not be routinely granted as of right but should be carefully scrutinized. Such an order should be granted only after good cause therefor has been shown. In essence the same thing was said in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), by the United States Supreme Court concerning the requirements of , rule 35 of the Federal Rules of Civil Procedure, which is identical to Alabama rule 35.
We find that Mr. Lansdell failed to establish the required “good cause” for granting the motion and the trial court properly overruled his motion.
The record does show that the son had been having school problems and emotional problems. However, the record also shows that the son is now doing much better in school. His grades have gone from F’s while in his father’s custody to C’s and B’s after being' in his mother’s custody. Also, it was shown that once his custody is established by the courts, his emotional health will improve. His mother testified that his emotional problems were due mainly to the custody dispute.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.