BRADLEY, Judge.
This is a child custody modification case.
The parties to this proceeding were divorced on September 22, 1977. Under the decree of divorce, custody of the parties’ two sons, Rod, age fourteen, and Beau, age eleven, was awarded to the husband.
Subsequently, the mother petitioned to modify the decree and to award her custody of the children. On September 16, 1980 the trial court entered an order finding that primary custody would remain with the father but that both parents would be allowed to “share responsibility and control of the children.” In addition, "the father was required to pay $3,600 per year as child support.
On January 15, 1981 the court modified the September 16 judgment by granting custody of the children to the mother one weekend each month and two months during the summer. The court also reduced the child support to be paid from $3,600 per year to $2,880 per year. This court affirmed the actions taken by the trial court. See Foster v. Foster, 409 So.2d 833 (Ala.Civ.App.1981).
On August 15, 1983 wife filed a petition to modify the prior judgments and to award her primary custody. She alleged that a material change in circumstances had occurred since the January 15 decree in that both children now preferred to be in her custody.
An ore tenus hearing was held on August 26, 1983. On September 14, 1983 the trial court entered a final judgment denying the mother’s request for primary custody, depriving mother of any custody rights, and terminating child support. The court did give the mother certain specified visitation rights. Mother appeals.
Mother’s first contention is that the trial court erred in denying her primary custody of the children. It has been said that:.
*1030 “The party seeking modification of a child custody decree has the burden of showing a material change in circumstances which adversely affects the welfare of the child. Murphy v. Quinn, 402 So.2d 1033 (Ala.Civ.App.1981). A court which hears the evidence is in the best position to ascertain whether there has been such a change in circumstances as to require a custodial change and its decision will not be overturned except for an abuse of its discretion. Taylor v. Taylor, 387 So.2d 849 (Ala.Civ.App. 1980).”
Sanders v. Sanders, 435 So.2d 123 (Ala.Civ.App.1983).
The evidence shows that the children have been living with their father for the past six years in Decatur, Alabama. Both children attend school in Decatur, have made many friends there, and participate in athletics. Their only grandmother lives in Decatur and the younger child, Beau, visits with her often.
Father married Ann Foster in September 1982, and the family lives in a five bedroom home. Ann’s two children from a previous marriage, Steve, age sixteen, and Michael, age eight, also live there. There was evidence that Johnny, father’s twenty-one year old son from a prior marriage, has at times resided in the house.
Both children testified that father is a “good father.” The boys are well taken care of and are doing well in school. Beau is above average scholastically and is an exceptional student. They are active in sports and are good athletes. Father attends most, if not all, of the children’s football and baseball games, consults with their teachers on a regular basis, and keeps up with the boys’ school work. The family attends church regularly. In addition, the evidence shows that Ann Foster, husband’s present wife, loves Rod and Beau, treats them like her own, and shows no favoritism between them and her own children.
There was evidence that father is out of town on business trips at least once a week. Before he remarried, the children stayed with his mother. Now, Ann takes care of the children while he is gone. She does not work.
The evidence shows that mother married Alan Olson in January 1978. The couple lived in Decatur for a while but moved to Albany, Georgia in 1980. They live in a four bedroom house with a swimming pool. Mr. Olson, wife’s new husband, is employed by Chem-Treat, Inc. and earns approximately $65,000 a year. Mother does not work, but receives $240 a month child support. The couple have a son, Alan, Jr., who is four years old. Also living with them is Mr. Olson’s twelve year old daughter from a previous marriage. There was evidence that the family belongs to St. Paul’s Episcopal Church, but that they do not attend services in the summertime. Mr. Olson is active in the church youth program, the Boys’ Club, the YMCA, and the Dixie Baseball program. He participates in activities with the boys and they like him. Both children have made friends in Albany during the time they visit there, and would attend school not far from mother’s house. They have played sandlot baseball and have taken judo and art classes in Albany.
The father testified that when the boys return from visits with their mother, they are withdrawn and emotionally upset, and talk about living with their mother on a permanent basis. However, after a week or so they return to normal and cease their talk about moving.
The evidence shows that both Rod and Beau are mature young men who are capable of making sound decisions. Although they love both parents, each child has expressed a desire to live with his mother. There was evidence that they are happier and more comfortable living with her and that she is “easier to talk to.” The children testified that they are scared to talk to father about going to live with their mother. Rod, the older boy, refused to return to Decatur at the end of his summer visitation.
The mother argues in brief that the trial court erred by not abiding by the *1031 wishes of the children to live with her. The wish of a child to be with its mother is not compelling on the court, but is a factor for the trial court to consider in deciding whether to change custody. Sanders v. Sanders, supra; Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979). The ultimate decision of the trial court must be based on what is in the best interests of the child. Robertson v. Robertson, 415 So.2d 1085 (Ala.Civ.App.1982).
After a careful examination of the evidence in this case, we are not convinced that the trial court abused its discretion in refusing to change the custody of Rod and Beau from the father to the mother. Father has had custody for the past six years and based on the evidence is a fit and proper custodian. He is a good provider and regularly supervises the children’s emotional, physical, and educational development. The children are well adjusted and enjoy a stable home life. The court obviously considered the fact that this stability would be disrupted if the children were to move to Albany. They would have to change schools and leave their friends and family in Decatur. The trial court also stated that it was more impressed with Ann Foster than it was with Mr. Olson.
We conclude, therefore, that the mother has failed to show a sufficient change of circumstances to warrant the court in depriving the father of primary custody of his two sons. See Sherrod v. Sherrod, 361 So.2d 17 (Ala.Civ.App.1978).
By the same token, we are not convinced that the evidence supports depriving the mother of the custody rights previously awarded to her.
We acknowledge that a trial court has broad discretion in changing custody of a child and in awarding visitation rights to the noncustodial parent. Price v. Price, 440 So.2d 1110 (Ala.Civ.App.1983). However, it is also the rule that before a court can change a parent’s custodial rights there must exist a material change in circumstances which so adversely affects the welfare and best interests of the children that a change of custody is in order. Murphy v. Quinn, supra; McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977). If such a change in circumstances does not exist, then the order entered by the trial court cannot stand and is due to be reversed. Price v. Price, supra; Taylor v. Taylor, supra.
The father did not request, by answer or counterclaim, nor did he prove that the mother should be deprived of her custody rights of the two boys.
Under the prior decrees of the court the mother shared custody of the boys by keeping them one weekend a month, certain holidays and two months in the summer. Under the new decree of the court, the mother has the physical possession of the boys one weekend a month, certain holidays, and two months in the summer.
There was no evidence that the children had been other than well cared for when they were in the custody of their mother. It was obvious that she loved her boys and that they loved her. She testified that she wanted whatever was in the boys’ best interests and whatever would promote their happiness.
While in their mother’s care the boys had been well fed and well clothed. There was evidence that they participated in sporting events just as they did when they were in the custody of their father. The boys testified that they got along well with their stepfather and wanted to live with their mother.
The only evidence that we were able to find in the record that could possibly support the termination of mother’s custody related to testimony that the mother did not take the boys to church during the summer, that in the summer of 1981 she had some discipline problems with the boys and asked the father to help solve them, and that the mother puts pressure on the boys to come live with her full time.
We are of the opinion that this evidence is insufficient to satisfy the standard required to be met in order to deprive a parent of custody, i.e. a material change in *1032 circumstances since the last custody decision. See Sherrod v. Sherrod, supra. In addition, we think it important to remember that under the new decree the mother will have the boys the same amount of time as under the old decree. And we believe it evident that she will still need the authority to deal with the responsibility of the care of the boys, and the evidence amply supports the conclusion that she has the desire to participate in the care and control of her sons.
The trial court also terminated child support, apparently on the basis that the mother now had only visitation rights. See Modling v. Modling, 45 Ala.App. 493, 232 So.2d 673 (Ala.Civ.App.1970). But, again, the mother still is required to support the boys for the same period of time as when she shared custody. And there is no testimony that her need is not as great, nor is there testimony that the father cannot continue to pay $2,880 a year as child support.
We conclude that the evidence fails to support the trial court’s termination of the mother’s custody rights and reverse that aspect of its decree. Moreover, we find no support in the evidence for the order depriving the mother of child support, and that part of the decree is also reversed.
The judgment is affirmed in part, reversed in part, and remanded for entry of judgment consistent with this opinion.
Both parties request an attorney’s fee on appeal. Those requests are denied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.