INGRAM, Presiding Judge,
concurring specially.
I concur with the majority, but I feel compelled to draw an operational distinc *844 tion between disqualification and recusal. I view a judge’s disqualification in a proceeding as emanating from the peculiar, personal, and often private knowledge of the judge, a knowledge that should alert his senses that he could not be impartial in his judgment because of a personal bias, or his personal awareness of disputed eviden-tiary facts, or other reasons contained in the Alabama Canons of Judicial Ethics. In other words, the introduction of a disqualification as embraced within the canons is initially the responsibility of the judge, because the canons require as much from him. The procedure is outlined in Canon 3, Alabama Canons of Judicial Ethics, supra, including a remittal to be used when appropriate.
Recusal, on the other hand, is equally effective in removing a less than impartial judge from a proceeding, but it embodies a different method in that it is initiated by motion of counsel. Counsel has the burden to put the circumstances creating the absence of impartiality before the judge, and the judge is thereby called upon to rule on the motion. The pertinent circumstances presented to the judge are, of course, known to counsel and may also be known to the judge. The ruling of the judge on a motion for recusal is subject to appellate review generally by petition for writ of mandamus.
Clearly, upon the factual basis of the instant case, I find that the petitioner has failed to adequately demonstrate any bias and prejudice on the part of the judge which would warrant his recusal. Taylor v. Taylor, 387 So.2d 849 (Ala.Civ.App.1980). For this reason, I agree with the majority that the motion to recuse was properly denied.