This appeal is from that part of a judgment rendered by the Circuit Court of Coffee County denying plaintiff-appellant the right to receive a portion of the proceeds from a settlement of a fire insurance claim. Appellant also appeals from the denial of a motion for a rehearing on that judgment.
Before dealing with the primary issue presented to this court for review, we must consider a procedural matter which occurred subsequent to the filing of this appeal.
After the termination of the proceedings in favor of appellee, appellant sought to amend or modify the court's judgment that appellant was not entitled to share in the insurance proceeds received by her former husband. When the trial court refused to amend or modify its judgment in the matter, appellant initiated her appeal. However, after her appeal had been filed, counsel for appellant requested that the trial court include in the record that court's prior decrees involving the parties, i.e. the original divorce decree and the subsequent modification of the divorce decree. Appellant's effort to have these decrees included in the record was apparently premised on Rule 10 (f) of the Alabama Rules of Appellate Procedure which permits the trial court to correct or modify the record for appeal. The court granted appellant's request over the objection of the attorney who represented appellee, and informed both parties that it had taken judicial notice of the earlier decrees and had considered them in the formulation of its judgment. Appellee now contends that the trial court was incorrect in allowing these documents to be included in the record on appeal and that the court's prior decrees involving the parties should not be considered by this court in deciding this appeal.
However, we need not reach a decision on whether the trial court's inclusion of this material in the record was incorrect since appellee's attorney failed to raise this issue in a proper manner. Counsel for appellee sought to present this matter in his brief to this court. Nevertheless, there is *Page 1177 
nothing before us to indicate that he urged us to strike from the record the disputed documents. The proper procedure for removing from the record various documents, affidavits or other items which are included in the record for appeal by the trial court acting pursuant to Rule 10 (f) is by means of a motion to strike the matter objected to. United States v. Sclafani,487 F.2d 245, 253 (2d Cir. 1973). See Panaview Door Window Co. v.Reynolds Metals Co., 255 F.2d 920, 922 (9th Cir. 1958); Black Yates, Inc. v. Mahogany Assn., 129 F.2d 227, 237 (3d Cir. 1941).
Rule 27 of the Alabama Rules of Appellate Procedure states that unless the rules provide a specific form or manner for seeking relief, an application for relief must be made by filing a motion. This motion must of course be served on all other parties and it must specifically state the grounds on which it is based and the relief sought. Since Rule 10 (f) does not prescribe a particular form for challenging a trial court's decision to include in the record material which would otherwise be omitted on appeal, a motion under Rule 27 is necessary before the matter admitted into the record may be stricken. Consequently, we believe appellee's counsel should have laid the foundation for asserting that the court erred in taking judicial notice of its prior decrees by first moving this court to strike these decrees from the record.
Because there was no motion to strike the disputed documents from the record, the trial court's prior decrees, as evidenced by the documents before us, must remain in the record for consideration by this court. These documents indicate that in both the original divorce decree and the subsequent modification of that decree, the trial court ordered the party who used and occupied the real property and dwelling house to "assume the monthly mortgage payments and insurance" on the parties' jointly owned property. However, despite the inclusion of its prior decrees in the record on appeal, we believe there was sufficient evidence presented at trial to support the trial court's judgment in favor of appellee.
The primary issue for consideration on appeal concerns whether appellant is entitled to receive a portion of the proceeds paid on appellee's fire insurance claim. The following facts are relevant to our discussion of this issue.
As we have alluded earlier, the appellant and appellee were formerly married. Each presently owns a one-half undivided interest in a house and lot in Enterprise, Alabama. The property was acquired during the marriage, and insurance existed to cover the property in case of damage or destruction. Upon the dissolution of the marriage, the wife (appellant) was given the right to occupy the house until further orders of the court. Shortly after the divorce was granted, the husband (appellee) cancelled the insurance coverage on the house and the wife took out a new policy on the property. Subsequently, by order of the same court acting in pursuance of a petition to modify the divorce decree, appellee was given the right to occupy the property.
During the time appellant occupied the property she paid the mortgage payments and the insurance premiums. The policy which she had taken out listed both appellee and herself as beneficiaries. However, when she moved out of the house she cancelled the insurance policy which she had obtained and ceased making the mortgage payments. Thereupon, the appellee commenced making the mortgage payments and took out a fire insurance policy on the property. The coverage of the policy was $20,000 and the beneficiaries of that policy were appellee and the mortgage holder.
In 1974 the house was damaged by fire. As a result of the fire, the insurance company paid the beneficiaries of the policy, i.e. appellee and the mortgage holder, $8,052.
The insurance proceeds are being held by the mortgage holder pending a decision on whether to repair the damaged premises or to sell the property in its damaged condition.
Appellant claims that the trial court erred in holding that she was not entitled to *Page 1178 
any of the money resulting from the settlement of the fire insurance claim. The basis of appellant's claim is her contention that Alabama law entitles the complaining party to a portion of the insurance proceeds received by a person with whom the complaining party is in joint ownership if the "equities" of a particular situation merit such action.
On the other hand, appellee asserts that the trial court acted correctly in refusing to allow appellant to receive a portion of the proceeds of the fire insurance claim and offers the cases of Bell v. Barefield, 219 Ala. 319, 122 So. 318
(1929); Miles v. Miles, 211 Ala. 26, 99 So. 187 (1924), andMurray v. Webster, 256 Ala. 248, 54 So.2d 505 (1951), as authority for this proposition.
In Murray v. Webster, supra, the supreme court said:
 ". . . It is well settled in this jurisdiction that `insurance taken by one with an insurable interest in the property, who pays the premiums * * * out of his own funds, is a personal indemnity to the insured.' North Assurance Co. v. Stewart, 228 Ala. 201, 153 So. 243, 245; Montgomery v. Hart, 225 Ala. 471, 144 So. 101; Bell v. Barefield, 219 Ala. 319, 122 So. 318; Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881. A clearer statement of this doctrine, however, is thus expressed in the Bell v. Barefield
case, supra: `The general rule, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon the one or the other to insure for the benefit of a remainderman or his cotenant, and insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured. * * *' (Italics supplied). 219 Ala. 321, 122 So. 319."
In the instant case the instrument which created the parties' jointly owned estate in the property did not require that either party insure the property for the benefit of the other. Likewise, no agreement was subsequently entered into which bound either party to obtain insurance for the protection of the other joint owner.
Nor do the court's prior decrees concerning appellant and appellee's divorce demonstrate that the party who occupied the house was required to obtain insurance for the protection of the non-occupying party. Both the original divorce decree and the subsequent modification of that decree ordered the occupying party to pay the mortgage payments and insurance premiums on the couple's real estate. And in appellant's suit to obtain a portion of the insurance proceeds, the trial court apparently construed the provisions in its prior judgments dealing with the maintenance of insurance on the property to be for the protection of the mortgagee rather than the non-occupying party. Such a construction was reasonable in view of the fact that the existence of insurance on the property would provide only an indirect benefit to the non-occupying party. In other words, the existence of insurance protected the mortgagee by creating a potential fund which could be used to compensate the mortgagee should the security for his loan be damaged or destroyed. The receipt of the insurance proceeds by the mortgagee would in turn provide an indirect benefit to the non-occupying party since the mortgagee would be protected by the insurance money and would not be forced to seek payment from the non-occupying party on his or her obligation on a mortgage indebtedness which was no longer secure due to the loss or damage of the collateral on which that indebtedness was based. However, the possibility of an indirect benefit which existed on behalf of the non-occupying party (appellant) as a result of the trial court's requirement that the occupying party maintain insurance on the couple's jointly owned property did not create a duty on appellee to insure the property for the benefit of appellant. Instead, the relevant provisions of the trial court's divorce decrees may be reasonably construed as requiring only that appellee insure the property for the benefit of the mortgagee. Indeed, the appellee's *Page 1179 
testimony at trial indicates that this was his purpose in naming both the mortgagee and himself as beneficiaries under the policy.
Moreover, Murray v. Webster, supra, rejected the view followed in many jurisdictions that a party with less than a whole interest who insures the property for its full value is deemed to hold any insurance proceeds as a trustee for the benefit of those persons who own a remainder interest. Instead,Murray v. Webster stated the right of the "other" joint owners to share in the insurance money was premised upon the "equities of the particular case." Among the inquiries the supreme court considered relevant to a determination of whether the circumstances warranted a holding that the insurance proceeds be shared are: (1) whether the insurance was obtained for the sole benefit of the person who procured it; (2) whether by express or implied agreement the person who took out the insurance did so for the benefit of the owners of the other interests in the property; and (3) whether the owners of the other interests contributed to the cost of the insurance. The supreme court concluded by stating that these questions were to be determined from the evidence presented at trial and the circumstances of the parties.
Of course factual determinations such as those discussed inMurray v. Webster are entitled to every favorable presumption by this court and the findings of the trier of fact will not be disturbed on appeal unless clearly wrong or manifestly in error. And errors, if any, which are committed at the trial level must be affirmatively demonstrated by the record before this court.
In the case at bar the evidence shows that appellee obtained insurance coverage on the property in question solely for his benefit and that of the mortgage holder. No one else contributed to the payment of the insurance premiums nor was anyone else expected to supplement the cost of the premiums by providing their own funds. Based on these facts, we cannot say that the trial court erred in finding that appellant was not entitled to any of the proceeds of the fire insurance policy.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1375