This appeal is concerned with the proper interpretation of a provision in a previous divorce decree.
Walter Allen and appellee, Alice K. Allen, were divorced on November 29, 1976. The decree required Dr. Allen to "pay the mortgage payments due on said mortgage and the note secured thereby until the said mortgage and note is paid in full."
On June 15, 1979 Dr. Allen petitioned the court to be relieved of the mortgage payments, or, in the alternative, to have the divorce decree provision relating to mortgage payments clarified. The court did not relieve Dr. Allen of the mortgage payments but it did interpret or construe the provision in question to mean that the mortgage payments due to be made included taxes and insurance, and it ordered the divorce decree enforced as written.
The evidence shows that Dr. Allen made the required mortgage payments, i.e. principal, interest, taxes and insurance, until December 1979, at which time he mailed the mortgagee notice that he would pay the principal and interest but not the taxes or insurance.
Mrs. Allen paid the arrearage and filed a petition requesting the court to interpret the divorce decree to mean that Dr. Allen is required to pay the insurance and taxes as part of the mortgage payment.
In its order of March 10, 1980 the circuit court held that the mortgage payments included the taxes and insurance as well as the principal and interest, and further ordered Dr. Allen to reimburse Mrs. Allen the funds she had paid on the delinquent mortgage payments. This appeal followed.
The dispositive issue is whether the term mortgage payments as used in the divorce decree includes taxes and insurance. We find that it does.
The mortgage agreement specifically provides:
 1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Mortgage.
 2. Funds for Taxes and Insurance. Subject to Lender's option under paragraphs 4 and 5 hereof, Borrower shall pay *Page 1177 
to Lender on the day monthly installments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments which may attain priority over [this] Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof.
Clearly, the mortgage agreement requires the borrower to pay a pro rata amount of the taxes and insurance each month along with the principal and interest due.
The original divorce decree provided in part that:
 Walter L. Allen, III shall continue to pay the mortgage payments due on said mortgage and the note secured thereby until the said mortgage and note is paid in full.
Judgments are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978).
We find, as did the trial court, that the parties intended that Dr. Allen was to include in the monthly mortgage payments a pro rata amount of the taxes and insurance. We hold such a finding to be reasonable in view of the provisions of the mortgage agreement and the fact that Dr. Allen paid the taxes and insurance as a part of the monthly mortgage payment for a number of years. Thus we conclude that the trial court properly interpreted paragraph two of the questioned divorce decree, and its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.