HOLMES, Judge.
This is a divorce case.
The wife petitioned the trial court alleging that the husband failed to comply with certain portions of a prior decree of divorce. The trial court, apparently after an ore tenus hearing, found that the wife was entitled to $2,500 from the sale of the beauty salon called the Style Shop.
The husband appeals contending the above stated action by the trial court was reversible error. We find no such error and affirm.
The parties were divorced in 1979. An agreement was entered into by the parties which was incorporated into the decree of divorce. The agreement so incorporated required the husband to pay child support, gave possession of the parties’ jointly owned homeplace to the wife during the minority of the child, and awarded the husband property located at Gulf Shores.
In addition to the above, the agreement provided “[t]hat the income from the Style Shop shall be divided equally between the parties as payments are made each month.”
Thereafter, the husband filed a motion for change of custody. The wife filed a counterclaim alleging an arrearage in both child support and income payments from the beauty shop. Put another way, the wife alleged the husband failed to make the required payments from the Style Shop.
The trial court denied the husband’s motion to modify custody and determined that the husband was in arrears in the amount of $2,200 for child support. Also, as stated above, the court found that the wife was entitled to $2,500 from the sale of the beauty shop.
At the outset, we note that neither the record nor the trial court decree is, to this court, a paragon of clarity. Apparently, the trial court found the husband had not paid to the wife one-half the income from the beauty shop as required by the prior agreement. It also appears the parties stipulated the fact that the husband, after the divorce, sold the beauty shop for a net profit of $5,000.
The above . findings apparently were made after testimony was heard by the trial court. The transcript of any testimony taken at the hearing is not before this court.
Both parties, through able counsel, have provided this court with excellent, clear, and concise briefs which we appreciate.
The husband contends that the award of profits from the beauty shop to the wife was a non-modifiable division of property. Therefore, the husband argues, since the award of property to the wife was settled in the 1979 divorce decree the trial court cannot by subsequent order divide the profits from the sale of said property.
*976 On the other hand, the wife contends that the award of income from the Style Shop, which was ordered to be paid “as payments are made each month,” was, in effect, an award of periodic alimony.
As indicated earlier, the record before this court contains very little pertinent information upon which this court can predicate error. It is axiomatic that alleged error must be affirmatively demonstrated by the record before this court. Murphy v. Quinn, 402 So.2d 1033 (Ala.Civ.App.1981). If the record does not disclose the facts upon which the alleged error is based, such error may not be considered on appeal. Summerlin v. Bowden, 353 So.2d 1175 (Ala.Civ.App.1978).
In any event, judgments and decrees such as the one now before us are to be construed like other written instruments. If there is any uncertainty, the court must construe them so as to express the intent of the parties. Horsley v. Horsley, 390 So.2d 1058 (Ala.Civ.App.), cert. denied, 390 So.2d 1060 (Ala.1980).
With the above principle of law in mind, we cannot say the trial court erred in construing the pertinent provision as periodic alimony to the wife which could be modified.
Put another way, in this instance this court cannot find error in the trial court’s action in changing the questioned provision from one mandating one-half of the profits of the business to be paid to the wife as it accrues, to one requiring one-half of the profits from the sale of the business to be paid to the wife.
The above is particularly true because it appears that the husband’s action in selling the business had the effect of emasculating the original provision.
Summarizing, it became the duty of the trial court to interpret the original decree. The trial court apparently interpreted the original questioned portion of the decree as providing for periodic alimony and/or support to the wife. In other words, the trial court apparently found the payments to be an allowance for the future support of the wife, payable from current earnings the husband would receive from the beauty shop. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743, on remand, 53 Ala.App. 740, 299 So.2d 751 (1974). So interpreting the decree, the trial court modified the provision to meet the changed circumstances. Hence, there is no error.
The wife has requested an attorney’s fee for representation on appeal. A fee of $350 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.