This is a post-divorce action.
Gloria Johns, plaintiff below, and Steven Johns were divorced on December 6, 1983. The judgment of divorce incorporated the provisions of an agreement between the parties, one of which was,
 "That all right, title and interest in and to all household furniture, appliances and effects owned by the parties and 1982 Cutlass stationwagon or any other automobile the parties may trade said vehicle for, is hereby divested out of the defendant and vested in the plaintiff. Defendant is ordered and directed to be responsible for and pay all outstanding mortgages and indebtedness against said personal property. . . ."
Two weeks after the divorce, the 1982 Cutlass was totally destroyed while being operated by the defendant. A few days later, the defendant called plaintiff and told her he was buying a Volkswagen Rabbit and for her to go to the dealership to see if she liked it. Plaintiff approved and defendant purchased the VW Rabbit but then delivered to plaintiff his Buick Opel for her use. Plaintiff did not agree to accept the Opel and "borrowed" the VW Rabbit from defendant for use over the New Year's weekend and has never returned the automobile to defendant.
On March 12, 1984, plaintiff filed a motion to cite defendant in contempt of court for arrearage in child support, failure to execute a deed to the home owned by the parties and to pay for the VW Rabbit. The defendant admitted the arrearage and failure to execute a deed to the house and counterclaimed to reduce child support payments and to relieve him of payments for the VW Rabbit.
After oral hearing, the trial court, among other things, ordered the defendant to pay to the plaintiff $8,686.47, the value of the Cutlass when it was wrecked, and for plaintiff to return the VW Rabbit to defendant or to allow plaintiff to keep the VW Rabbit and defendant to pay all unpaid indebtedness on the same. The defendant has paid all but one payment on the VW Rabbit at time of hearing.
The defendant contends on appeal that since more than thirty days had elapsed after the decree of divorce was rendered, the trial court no longer had jurisdiction to modify the decree with regard to property matters and that this order by the court constitutes a modification of property decision.Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980). Defendant contends that since the vehicle was totally destroyed, not traded, and the collision coverage paid the indebtedness on the vehicle, he has no further obligation, under the *Page 519 
decree, to furnish and pay for a substitute vehicle.
"Judgments are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties."Allen v. Allen, 386 So.2d 1176 (Ala.Civ.App. 1980). It is clear from the record that the parties intended that defendant would provide plaintiff with the 1982 Cutlass or another car without indebtedness to her. Therefore, the trial court's order for defendant to pay for a substitute automobile, in lieu of the automobile he wrecked, was not a modification of a property division but to enforce compliance with the express intent of the parties in their agreement and the judgment of the court.
This case is due to be and is hereby affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.