This post-divorce action originated with Wanda H. Marshall (wife) filing a "petition for clarification and/or enforcement of decree" on September 17, 1990. The parties were divorced on October 28, 1987, and the judgment of divorce incorporated the following pertinent provision:
 "The Wife shall be the sole and absolute owner of her automobile, a 1987 Lincoln Town Car. The Husband shall be solely responsible for any indebtedness on said automobile and for maintaining automobile insurance for and on behalf of the Wife. Husband shall execute any and all documents necessary to transfer complete title of said automobile to the Wife."
The record reveals that the wife was involved in an automobile accident in June 1990 and that the 1987 Lincoln Town Car was totally destroyed. A third party's insurance company settled the damage claim for $14,828.33, of which the lienholder on the car received $13,519.88 and the wife received $1,308.45. Fred H. Marshall III (husband) was thereby relieved of his indebtedness to the lienholder.
In her petition the wife requested that the husband be ordered to pay to her the money he would have been required to pay to the lender if the car had not been destroyed. The trial court granted the wife's petition. The husband appeals. We affirm.
The husband contends that the clause in the divorce judgment is unambiguous, that it, therefore, cannot be construed by the court, and that there was no intent for the husband to do anything other than pay the existing debt.
The trial court addressed this contention in its order from which we quote, in pertinent part, with approval and adopt as our own.
 "The facts in this cause are very similar to those cited in the case of Johns v. Johns, 473 So.2d 517 (Ala.Civ.App. 1985), in which an automobile, title of which was vested in the wife with the husband Ordered to pay all outstanding mortgages and indebtedness thereon, was destroyed subsequent to the parties' divorce. As in this case, the defendant in Johns contended that the agreement was a non-modifiable property settlement and that since the indebtedness had been paid by insurance coverage, he was under no further obligation under the Decree to furnish or pay for a substitute vehicle for the plaintiff. In affirming the trial court's judgment in favor of the plaintiff, requiring the defendant to pay to the plaintiff the value of the destroyed automobile, the Court of Civil Appeals stated as follows:
 " ' "Judgments are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties." Allen v. Allen, 386 So.2d 1176 (Ala.Civ.App. 1980). It is clear from the record that the parties intended that defendant would provide plaintiff with the 1982 Cutlass or another car without indebtedness to her. Therefore, the trial court's order for defendant to pay for a substitute automobile, in lieu of the automobile he wrecked, was not a modification of a property division but to enforce compliance with the express intent of the parties in their agreement and the judgment of the court.' 473 So.2d at 519.
 "The primary distinction between the Johns case and the case at bar is that the agreement of the parties was that the wife would be entitled to the Cutlass automobile 'or any other automobile the parties may trade said vehicle for' and that the husband was responsible for the wreck rather than the wife; the parties' own insurance paying for damages as opposed to that of a third party. In the *Page 573 
instant case, it is clear that the original intent of the parties was that the Former Wife would have the Lincoln automobile free of any indebtedness, and that the Former Husband would pay the indebtedness secured by said automobile in monthly installments in accordance with the contract of debt. . . . Obviously, the clear intent of the parties at the time of the agreement was that the Former Wife would be the owner of the automobile and, as a part of the property settlement, received that asset at the fair market value thereof at the time of the divorce without the indebtedness being deducted from said value. The Former Husband assumed a liability and agreed to pay the same in full. . . . The Court cannot find any interpretation of the parties' agreement by which it can be said that the intent of the parties would be that if an accident occurred under the present circumstances, and the indebtedness was paid by a third party, that the Former Husband should be relieved in full of his debt and that the Former Wife would lose virtually the entire value of the asset she received.
". . . .
 ". . . Therefore, the Court must interpret and enforce its prior Decree in such a manner as would be equitable to both parties and within the parameters of the original intent of the agreement."
Therefore, based on the above, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.