## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Laure Manette North

v.

Frederick Keith North

January 7, 1998

Case No. CH93-269-01

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether, under a property settlement agreement that requires a former husband to hold his former wife harmless from a car loan, he must pay her the amount of the loan when the vehicle is destroyed in a post-divorce accident and the loan is paid by insurance coverage.

The facts are stipulated.

Mr. and Mrs. North were divorced on March 17, 1994. By the terms of the parties' property settlement agreement, incorporated in the divorce decree, Mr. North agreed to transfer a 1993 Plymouth Voyager van to Mrs. North and to "assume full responsibility for payment of the following debts, and to hold the Wife harmless therefrom . . . credit union debt." "Credit union debt" refers to a loan obtained by Mr. North from E-Systems Garland Federal Credit Union to purchase the van. The van served as collateral for the loan.

Pursuant to the agreement, Mr. North made the monthly payments on the credit union debt. Otherwise, Mrs. North maintained the car, and she paid her car insurance premiums.

The vehicle was destroyed in an accident on August 19, 1997. The tortfeasor's insurance carrier accepted responsibility and paid the value of the van, but it paid $2,846.50 of that sum to the credit union to satisfy the debt. (In that manner, the insurance carrier obtained clear title for salvage.)

Mrs. North demanded that Mr. North reimburse her the $2,846.50 to make her whole because she had "lost" that amount when the insurance company paid off the credit union debt rather than pay her. Mrs. North filed a petition for enforcement of the divorce decree.

To "hold harmless" or "save harmless" means to indemnify. "Indemnify" means to make reimbursement to one for a loss incurred by him; to make good; to compensate. An indemnity agreement arises when one undertakes and agrees to indemnify the other against loss or damage arising from some contemplated act or from some responsibility assumed by the indemnitee, that is, to make good to him such pecuniary damage as he may suffer. *Black's Law Dictionary* (4th ed.) p. 910.

The general rules which govern the construction and interpretation of contracts apply in construing an indemnity agreement. *Seaboard v. Richmond-Petersburg Turnpike Auth.*, 202 Va. 1029 (1961). Virginia adheres to the "plain meaning" rule whereby clear and explicit language is to be given its ordinary meaning and significance. See 9B M.J., *Indemnity*, § 7.

In paragraph 3 of their property settlement agreement, the Norths agreed that Mrs. North would have ownership of the van. In paragraph 13, Mr. North agreed to assume full responsibility for payment of four specified debts, including the credit union debt that is the subject of this controversy.

Mr. North did not agree to assume full responsibility for providing Mrs. North a vehicle, nor did he assume full responsibility for indemnifying Mrs. North against any loss she might suffer with respect to the van. On the other hand, he did more than agree to make monthly installment payments on the credit union debt; he agreed to assume *full responsibility* for it. Further, he agreed to "hold [Mrs. North] harmless therefrom," i.e., from any loss from the credit union debt. Here, Mrs. North suffered loss from the credit union debt. Indirectly, she was required to pay it off. The payoff was deducted from the insurance proceeds due her for the destruction of the van.

The Alabama case, *Marshall v. Marshall*, 582 So. 2d 571 (1991), cited by Mrs. North is persuasive. Although the language of the parties' property settlement agreement can be distinguished, there, as here, the former husband assumed the liability and agreed to pay the debt in full. The Alabama court held on facts almost identical to these that the former husband could be ordered to pay his former wife money he would have been required to pay the lender.

This court is of the opinion that the relief sought in this petition should be granted and Mrs. North should have judgment against Mr. North in the amount of $2,846.50, plus her costs incurred.

No attorney's fees will be awarded because, for the reasons explained above, this controversy involves a good faith dispute over the appropriate application of legal principles.