Kenneth Ravenel ("the father") and Cynthia Ravenel ("the mother") were divorced by the Madison Circuit Court in September 1994. In the divorce judgment, the trial court awarded custody of the parties' two children to the mother; that judgment also directed the father to pay $652.75 each month in support for the parties' children and to "take all steps necessary" to ensure that the children were covered as dependents under insurance coverage to which the father was entitled as a member of the United States Army. In addition, the trial court awarded the parties' 1992 model Mazda truck to the father:
 "11. The [father] is hereby awarded all right, title, and interest in and to the 1992 Mazda truck, and the [mother] is hereby divested of any and all interest in and to the same. The [mother] agrees to assume and pay for the debt on said truck in favor of Redstone Federal Credit Union, and shall indemnify and hold harmless the [father] for the same. When the debt on said [truck] is fully satisfied, the [mother] shall immediately execute and sign [the certificate of] title of said truck to the [father], conveying all of her interest in said truck to the [father]."
In March 1998, the father petitioned for a modification of his child-support obligation, claiming that a change in circumstances had occurred because, he said, his income was reduced after he retired from military service. He further alleged that the 1992 Mazda truck had been stolen and subsequently destroyed and that his automobile-insurance company had declared it a total loss; that his insurance company had discharged the remaining indebtedness *Page 1071 
on the truck; and that the mother should be required to pay to him the amount of that remaining indebtedness. The mother answered, denying the father's allegations and counterclaimed, seeking a judgment in her favor in an amount sufficient to reimburse her for medical-insurance costs and uninsured-medical expenses that she had allegedly incurred on behalf of the children.
A hearing was not held on the parties' claims until May 1999, primarily because of the untimely death of the circuit judge to whom the case had originally been assigned. After that hearing, the matter lay dormant for almost two years. In April 2001, the parties filed new income affidavits, and in May 2001, the trial court entered a judgment denying the father's request for relief as to the indebtedness on the truck; entering a judgment for the mother on her request for reimbursement of health-insurance premiums and uninsured-medical expenses; and reducing the father's monthly child-support obligation to $359.24, because "one of the parties' two children ha[d] reached the age of majority since the trial of this matter."
The mother filed a postjudgment motion, pursuant to Rule 59, Ala.R.Civ.P., alleging that neither of the parties' children had reached the age of majority and that the father's child-support obligation had therefore been incorrectly recalculated. The father also filed a Rule 59 motion; in that motion, he sought an order making the reduction in his child-support obligation retroactive, and he alleged that the trial court had erred in denying relief as to his request for payment of the indebtedness of the Mazda truck. The parties' postjudgment motions were denied by operation of law without a hearing. Both parties appealed.
The mother contends that the trial court erred in modifying the father's child-support obligation, because, she says, it incorrectly calculated the father's obligation based upon there being only one minor child instead of two. The father agrees that neither of the two children has yet reached the age of majority, and the record reveals that the children are currently 11 and 9 years old. While we are cognizant of the presumption favoring a trial court's findings of fact and its judgment when the evidence is taken ore tenus, as here, such a judgment will be reversed upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Puckett v.Summerford, 706 So.2d 1257 (Ala.Civ.App. 1997). There is no evidence to support the trial court's determination that only one of the parties' children is a minor; its conclusion that the father should pay $359.24 monthly to the mother, an amount based upon a child-support obligation for only one minor child (cf. Rule 32, Ala. R. Jud. Admin.), is likewise unsupported by the evidence.
We must, therefore, reverse the judgment modifying the father's child-support obligation and remand the case. Our reversal as to this issue renders moot the first issue presented by the father's cross-appeal (i.e., whether that modification should have been retroactive to the date he filed his petition to modify in March 1998). Romano v. Romano,703 So.2d 374, 376 (Ala.Civ.App. 1997). On remand, the matter of the effective date of any modification of the father's child-support obligation will again be within the sound discretion of the trial judge.Id.; Rogers v. Sims, 671 So.2d 714, 716-17 (Ala.Civ.App. 1995).
The remaining issue to be addressed is the father's contention that the trial court erred in failing to require the mother to pay him a sum equal to the indebtedness remaining on the 1992 Mazda truck, which indebtedness amounted to approximately $3,349. *Page 1072 
The evidence presented at trial indicated that the truck was destroyed in 1995 after it was stolen. After the truck had been determined by the father's insurance company to be a total loss, the mother refused to make any further payments on the truck's indebtedness, and the father's own insurance company had had to discharge the outstanding indebtedness on the truck in settling the father's insurance claim. According to the father, the mother viewed the father's loss as being her benefit, and she told the father to "take [her] to court" if he wanted her to pay the debt.
In two cases, this court has considered, in similar contexts, the effect of an award of a vehicle to one spouse and an allocation of that vehicle's indebtedness to the other spouse as components of a property division of a divorce judgment. In Johns v. Johns, 473 So.2d 517
(Ala.Civ.App. 1985), this court considered a provision of a divorce judgment based on a settlement agreement providing that the wife would receive a certain automobile and that the husband would be responsible for paying all outstanding indebtedness on it; however, the husband wrecked that automobile, and insurance coverage paid for that loss. The trial court, on the wife's petition, ordered the husband to pay the wife a sum equal to the value of the automobile, and this court affirmed that judgment, concluding that the trial court had properly "enforce[d] compliance" with the intent of the parties and with the judgment. 473 So.2d at 519.
In Marshall v. Marshall, 582 So.2d 571 (Ala.Civ.App. 1991), this court interpreted a divorce judgment awarding a particular automobile to the wife and requiring the husband to be solely responsible for any indebtedness on that automobile and to maintain insurance on the automobile. The automobile was totally destroyed in an accident, and a third party's insurance carrier paid approximately $15,000 for the automobile; the automobile's lienholder received approximately $13,500 and the wife received the remainder. The wife then filed a petition requesting that the husband be ordered to pay her the money he would have been required to pay to the lienholder had the automobile not been destroyed. In affirming the trial court's judgment in favor of the wife, we quoted the reasoning of the trial court that its divorce judgment had indicated an intent that "`the Former Wife would be the owner of the automobile and . . . [receive] that asset at the fair market value thereof at the time of the divorce without the indebtedness being deducted from said value.'" 582 So.2d at 573. Conversely, the husband in that case was said to have "`assumed a liability . . . to pay the same in full.'" Id. Notably, the trial court in Marshall relied principally uponJohns in reaching its decision. 582 So.2d at 572.
The judgment under review in this case, unlike those in Johns andMarshall, is in favor not of the owner of the automobile, but of the party made responsible for its indebtedness. While we acknowledge that trial courts are empowered to construe their own judgments (Johns, 473 So.2d at 519), the plain language of the divorce judgment indicates that the trial court envisioned that the father would receive the 1992 Mazda truck free and clear of all encumbering debt as of the September 1994 date of the divorce judgment.[1] Moreover, the judgment directed the mother to "assume" and "pay for" the debt on the truck and to "indemnify" and "hold [the father] harmless" for the debt. However, it was only through the efforts of the *Page 1073 
father in securing and maintaining insurance coverage and making a claim for the loss of the vehicle upon its total loss that the indebtedness allocated to the mother was discharged. As between the two parties before the trial court in this case, the divorce judgment clearly requires the mother, not the father, to discharge the debt on the Mazda truck. We, therefore, reverse the judgment denying the father's request that the mother be required to pay him an amount equal to the indebtedness on the truck as of the date the debt was discharged by the father's insurer.
Based upon the foregoing facts and authorities, the judgment of the trial court is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
Crawley, Thompson, and Pittman, JJ., concur.
[1] We note that the divorce judgment awarded a second automobile, a 1991 Volvo 740 Turbo, to the mother and required the father to pay the outstanding indebtedness on that vehicle.