Jacqueline Ann Cox ("the wife") appeals from a judgment entered by the Russell Circuit Court relieving Gordon Eugene Cox ("the husband") of responsibility for paying the indebtedness on a house awarded to the wife in the parties' 1995 divorce judgment.
The divorce judgment awarded the wife the marital residence located in Phenix City. Specifically, the judgment stated: "That the [wife] is awarded the home of the parties located at 18 Woodcrest Drive, Phenix City, Alabama with the [husband] to pay the outstanding indebtedness thereon." The wife lived in the residence from 1995 until 2001.
On April 19, 2001, the wife filed a petition for a declaratory judgment, seeking an order declaring the rights and obligations of the parties as to the property in question, i.e., the former marital residence, as well as each party's right to any proceeds that might be derived from a sale of that property by the wife. The wife alleged that she desired to sell the property and that the husband should have to pay the outstanding indebtedness owed on the property at the time the property was sold, based on the paragraph in the divorce judgment that awarded her the property. The trial court held a hearing on the petition on November 30, 2001. The parties stipulated to the following facts:
After filing her declaratory-judgment action, the wife did, in fact, sell the property to the parties' youngest adult son for the sum of $100,000. With the proceeds from the sale of the property, the wife paid in full two mortgage loans secured by the property — a mortgage loan from First Union *Page 463 
Mortgage Company with an outstanding balance of $18,905.78 and a second mortgage from DB T Bank of Russell County with an outstanding balance of $19,354.41 — that had existed at the time of the original divorce proceedings and that were still outstanding at the time she sold the property. The husband had paid the monthly mortgage payments on each of those loans from the time of the divorce judgment until the property was sold. The wife retained the sum of $56,028.74 from the sale of the property.
On August 7, 2002, the circuit court issued its order denying the wife's petition for declaratory relief, finding that the husband's obligation under the divorce judgment to pay the indebtedness on the property no longer existed because the wife had sold the property. On September 6, 2002, the wife filed a motion for a new trial; the trial court denied the motion on September 9, 2002. The wife filed a timely appeal.
Because the facts in this case are undisputed, and because the trial court based its decision solely on its interpretation of the divorce judgment, we review the trial court's judgment without a presumption of correctness. See, e.g., Allstate Ins.Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996) ("[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court's judgment carries no presumption of correctness.").
At the November 30, 2001, hearing, the circuit court[1]
expressed the reasoning for its ruling:
 "When [Judge Miller] awarded the house — as a general rule, when we award a piece of property, and we order the other person to pay the indebtedness that carries the connotation that — and normally, if there's any real discussion or any real reason to believe the house will be sold, if that is contemplated then, normally, we'll put in there what is to be done with it.
 "I really think that Judge Miller thought here that [the wife] was awarded the house, she was going to have to have somewhere to live, and [the husband] was going to pay for it as long as she was there. Now, that's generally the way it goes. And [that] means she's awarded any of the equity in the home place. And then when a piece of realty such as this is sold, then the proceeds from the sale pay any indebtedness because it couldn't be sold unless that indebtedness was paid unless the purchaser agreed to assume the indebtedness. . . .
". . . .
 "So I really think that she's entitled to all the equity in the house and that at the sale of the house then the proceeds from the sale extinguish any outstanding debt at the time."
The wife contends that the language of the divorce judgment awarded her the property outright, rather than awarding her possession of the property until such time as it was sold. In support of this contention, the wife cites Johns v. Johns,473 So.2d 517 (Ala.Civ.App. 1985), and Marshall v. Marshall,582 So.2d 571 (Ala.Civ.App. 1991).
In Johns, the parties were divorced in 1983 and the divorce judgment included a provision pertaining to an automobile; that provision stated, in pertinent part:
 "`That all right, title and interest in and to . . . [the] 1982 Cutlass stationwagon *Page 464 
or any other automobile the parties may trade said vehicle for, is hereby divested out of the [husband] and vested in the [wife]. [The husband] is ordered and directed to be responsible for and pay all outstanding mortgages and indebtedness against said personal property. . . ."
473 So.2d at 518.
Two weeks after the divorce judgment was entered in Johns, the husband was involved in an accident while driving the 1982 Cutlass, and the automobile was totally destroyed. Insurance coverage paid for the loss, and the husband subsequently purchased a Volkswagen Rabbit automobile. The wife "borrowed" the Volkswagen Rabbit from the husband for use over a holiday weekend and never returned it. The wife subsequently petitioned the court for an order requiring the husband to pay any outstanding indebtedness owed on the Volkswagen Rabbit. The trial court ordered the husband either to pay the wife the value of the 1982 Cutlass before it was wrecked and for the wife to return the Volkswagen Rabbit to the husband, or for the wife to keep the Volkswagen Rabbit and for the husband to pay the outstanding indebtedness owed on that vehicle. Id. This court affirmed the trial court's judgment, reasoning that the clear intent of the divorce judgment was that the husband would provide the wife with the 1982 Cutlass or another automobile and that the wife would not be obligated to pay any indebtedness on the vehicle.473 So.2d at 519.
Marshall involved substantially similar facts to those ofJohns. In Marshall, the husband and the wife were divorced in 1987, and the divorce judgment contained the following provision pertaining to the parties' automobile: "`The Wife shall be the sole and absolute owner of her automobile, a 1987 Lincoln Town Car. The Husband shall be solely responsible for any indebtedness on said automobile and for maintaining automobile insurance for and on behalf of the Wife. . . .'" 582 So.2d at 572.
In 1990, the wife was involved in an accident while driving the 1987 Lincoln Town Car, and the automobile was totally destroyed. A third-party insurance company settled the damage claim in an amount that paid off the indebtedness owed on the automobile. The wife petitioned the court for an order requiring the husband to pay her the money he would have been required to pay on the automobile had the automobile not been destroyed. The trial court granted the wife's petition, relying directly upon Johns for its rationale. This court affirmed the trial court's judgment, adopting the trial court's order as its own opinion in the case.
Though not cited by the parties, a third case with similar facts that cites both Johns and Marshall is Ravenel v.Ravenel, 835 So.2d 1069 (Ala.Civ.App. 2002). In Ravenel, the parties were divorced in 1994. The divorce judgment awarded a 1992 Mazda truck to the husband, stating in pertinent part:
 "`The [husband] is hereby awarded all right, title, and interest in and to the 1992 Mazda truck, and the [wife] is hereby divested of any and all interest in and to the same. The [wife] agrees to assume and pay for the debt on said truck in favor of Redstone Federal Credit Union, and shall indemnify and hold harmless the [husband] for the same. . . .'"
835 So.2d at 1070.
The truck was stolen and subsequently destroyed; the husband's automobile-insurance company declared the truck a total loss and discharged the remaining indebtedness owed on the truck. In 1998, the husband petitioned the trial court requesting that the wife be ordered to pay him an amount equal to the outstanding *Page 465 
indebtedness owed on the Mazda truck at the time it was stolen. The trial court denied the husband's petition. This court reversed, determining that "the plain language of the divorce judgment indicates that the trial court envisioned that the [husband] would receive the 1992 Mazda truck free and clear of all encumbering debt as of the September 1994 date of the divorce judgment." 835 So.2d at 1072 (footnote omitted). This court reasoned that the wife had been relieved of the responsibility to pay the indebtedness on the automobile only through the efforts of the husband's maintaining insurance on the truck and his filing a claim for the loss of the truck after it was stolen. Thus, "[a]s between the two parties before the trial court in this case, the divorce judgment clearly requires the [wife], not the [husband], to discharge the debt on the Mazda truck." Id.
at 1073.
"Judgments are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties." Allen v. Allen,386 So.2d 1176, 1177 (Ala.Civ.App. 1980). "The words of a judgment are to be given their plain and ordinary meanings, and the intentions of the parties are derived from them. . . ." Hallmanv. Hallman, 802 So.2d 1095, 1098 (Ala.Civ.App. 2001).
The divorce judgment in this case states that the wife "is awarded the home of the parties" and that the husband is "to pay the outstanding indebtedness thereon." The plain language of the judgment gives the wife the ownership of the home, not merely the equity in the home as the trial court ruled. The plain language of the judgment also places on the husband the responsibility for paying the indebtedness owed on the property; it does not state, as the trial court attempts to construe it, that he is responsible for paying that indebtedness only as long as the wife does not sell the property. The trial court reads into the language of the judgment something that is not there, i.e., that the obligation of the husband to pay the indebtedness would be extinguished if and when the wife sold the property.
While the wording of the provision in the divorce judgment in the present case pertaining to the residential property is not exactly the same as the wording of the provisions pertaining to the property at issue in Johns, Marshall, and Ravenel, those cases support the result we reach in the present case. In Johns,Marshall, and Ravenel, the divorce judgment awarded to one party the ownership of certain property and placed on the other party the responsibility for paying certain indebtedness related to that property. Just as the availability of insurance proceeds in Johns, Marshall, and Ravenel did not relieve the latter party of the responsibility for paying that indebtedness, the availability of proceeds from the sale of the property in the present case does not relieve the husband of the responsibility for paying the indebtedness imposed upon him in the parties' divorce judgment.
In the present case, the wife was awarded the property. The husband was ordered to pay the outstanding indebtedness on the property. Based on the plain language of the divorce judgment, we conclude that the trial court's judgment denying the wife's petition for declaratory relief and relieving the husband of his debt obligation is due to be reversed. The cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] The divorce judgment was issued by Judge J. Paul Miller, Jr., who has retired. The present case was heard by Circuit Judge Albert L. Johnson. *Page 466