Cathie L. Jackson ("the former wife") appeals from a judgment of the Clarke *Page 1094 
Circuit Court in postdivorce litigation. In that judgment, the trial court awarded certain insurance proceeds to Willie L. Jackson ("the former husband"). We reverse and remand.
The parties were divorced in August 2001. The divorce judgment awarded possession of the marital residence[1] to the former wife during her lifetime, but it stipulated that the property would remain jointly owned. The former husband was ordered to pay all of the outstanding balances due on the notes secured by first and second mortgages on the marital residence and to hold the former wife harmless as to those notes. Additionally, the former husband was "required to maintain and pay the insurance on the home . . . and shall indemnify and hold [the former wife] harmless therefrom as long as she resides in said home." The former wife was awarded the contents of the marital residence and was ordered to pay for routine maintenance on the marital residence.
The former wife filed a petition to modify the divorce judgment on September 5, 2002. In that petition, the former wife asserted that the marital residence had been destroyed by fire and that the proceeds from a fire-insurance policy had been issued to the parties jointly. According to the petition, the fire-insurance company had issued a check for $30,000 to pay for the destruction of the house and a separate check for $15,000 to pay for damage to the contents of the house. The former wife added that the parties had had a dispute as to the proper division of the insurance proceeds, and she requested the trial court to equitably distribute the proceeds so as to effectuate the terms of the parties' divorce judgment.
Two weeks later, the former wife amended her petition to include a request for postminority educational support for one of the parties' two children; that child had graduated from high school, had begun attending college, and would soon become 19 years old. Additionally, the former wife requested an increase in child support for the parties' other minor child. Although the petition was set for trial on March 18, 2003, the issues were submitted to the trial court based on stipulations of the parties and pretrial briefs.
The trial court entered a judgment on October 10, 2003, that granted part, but not all, of the former wife's requests. The trial court held that the former wife was entitled to the $15,000 insurance proceeds that pertained to the contents of the house but that she was not entitled to any part of the $30,000 payment. The trial court awarded $6,333.99 from that amount to the former husband, which was the amount remaining after the payment of $23,666.01 of the insurance proceeds to satisfy the outstanding mortgage indebtedness on the residence. Additionally, the trial court ordered that the former husband pay one-half of the tuition, books, and fees of the parties' elder child for four years beginning with the date of the child's first enrollment in college. The trial court also increased the former husband's monthly child-support obligation to $389.
The former wife filed a postjudgment motion asserting that the trial court had erred in not ordering the former husband to pay her one-half of the total amount of the insurance check issued as a result of the destruction of the house, i.e., $15,000, in addition to awarding her the insurance proceeds issued to replace the contents of the house. The trial court did not expressly rule on the postjudgment motion; it was therefore denied by operation of law after 90 days. See Rule 59.1, Ala. R. Civ. *Page 1095 
P. The former wife filed a timely appeal; the former husband did not appeal as to any provisions of the trial court's October 2003 judgment.
Initially, we note that the trial court heard no ore tenus evidence in this case and based its decision upon stipulations and briefs filed by the parties; therefore, the ore tenus rule does not apply. See Ex parte Horn, 718 So.2d 694, 705 (Ala. 1998); Ex parte Perkins, 646 So.2d 46, 47 (Ala. 1994). The only issue on appeal is whether the trial court correctly applied the law to the stipulated facts.
The former wife asserts that the trial court erred in awarding the former husband the sum of $6,333.99, which represented the balance of the insurance proceeds paid for the loss of the house after satisfaction of the mortgage indebtedness as to the house. She argues that because the parties were co-owners of the marital residence, the insurance payment for the loss of the house should have been divided equally between the parties; in other words, she asserts that each party was entitled to receive $15,000 of the insurance proceeds. Failure to award her the value of her one-half interest in the marital residence, the former wife claims, ignores the intent of the divorce judgment.
The former wife relies primarily on four cases to support her contention that she was entitled to $15,000 of the $30,000 fire-insurance proceeds paid to the parties for the loss of the house. Three of those cases, Johns v. Johns, 473 So.2d 517
(Ala.Civ.App. 1985), Marshall v. Marshall, 582 So.2d 571
(Ala.Civ.App. 1991), and Ravenel v. Ravenel, 835 So.2d 1069
(Ala.Civ.App. 2002), are cases in which one former spouse had been instructed in a divorce judgment to pay the outstanding loan or debt on personal property that would be titled in the name of the other former spouse.
In those three cases, one former spouse was required to provide the other former spouse a specific item of property, i.e., a vehicle, free from any indebtedness. Because those judgments required the obligated spouse to provide the recipient spouse with a vehicle, this court held in those cases that the destruction of the vehicle required the obligated spouse to turn over all pertinent casualty insurance proceeds to the recipient spouse. In the instant case, the former wife was not awardedsole title to the marital residence; rather, the divorce judgment awarded her a 50% ownership interest in the property and awarded her possession of the marital residence free fromindebtedness.
The law is clear "that whether joint owners should share in insurance [moneys] depends upon the equities of the particular case." Anderson v. Brooks, 446 So.2d 36, 39 (Ala. 1984); seealso Gardner v. Roberts, 565 So.2d 638 (Ala.Civ.App. 1990). It appears that in this case the trial court was attempting to enforce the marital-property division contained in the divorce judgment. We note that
 "[j]udgments are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. The words of a judgment are to be given their plain and ordinary meanings, and the intentions of the parties are derived from them."
Cox v. Cox, 880 So.2d 461, 465 (Ala.Civ.App. 2003) (citations and internal quotation marks omitted).
The divorce judgment in this case, although awarding the parties joint ownership of the marital residence, awarded the former wife sole possession of that property free from indebtedness and directed the former husband to insure the property. Additionally, the judgment awarded the *Page 1096 
former wife the contents of the marital residence.[2] The ultimate question presented in this case is whether, under the terms of the parties' divorce judgment, the equities of this case dictate that the former wife is entitled to one-half of the insurance proceeds pertaining to the loss of the marital residence.
Having studied the cases cited by the former wife in support of her argument, we find that the rationale employed by this court in Marshall, supra, is particularly instructive. In that case, the former wife was awarded title to a vehicle and the former husband was ordered to pay the outstanding indebtedness and for insurance on the vehicle and to hold the former wife harmless as to those payments. When the vehicle was destroyed in an accident, the insurance proceeds were used to satisfy the remaining debt as to the vehicle; however, the former wife was left without a vehicle. In order to enforce the divorce-judgment provision awarding that vehicle to the former wife, the trial court ordered the former husband to pay the former wife the money he would have owed to the lender if the vehicle had not been destroyed. We affirmed that decision, adopting the trial court's reasoning:
 "`Obviously, the clear intent of the parties at the time of the agreement was that the Former Wife would be the owner of the automobile and, as a part of the property settlement, received that asset at the fair market value thereof at the time of the divorce without the indebtedness being deducted from said value. The Former Husband assumed a liability and agreed to pay the same in full. . . . The Court cannot find any interpretation of the parties' agreement by which it can be said that the intent of the parties would be that if an accident occurred under the present circumstances, and the indebtedness was paid by a third party, that the Former Husband should be relieved in full of his debt and that the Former Wife would lose virtually the entire value of the asset she received.'"
Marshall, 582 So.2d at 573. We agreed that the trial court properly interpreted its previous divorce judgment incorporating the parties' agreement "`in such a manner as would be equitable to both parties and within the parameters of the original intent'" of the parties. Id.
Another case cited by the former wife, Cox v. Cox, supra, is helpful in the resolution of the issue in this case. In Cox, the divorce judgment awarded the former wife the title to the marital residence, but it ordered the former husband to pay all indebtedness on the property. In that case, the former husband had been divested of any interest in the marital residence and the former wife possessed all rights to the value of the property. When that residence burned, the former wife was held to be entitled to receive all of the fire-insurance proceeds pertaining to the loss of that house.
In the instant case, the trial court denied the former wife's request for one-half of the insurance proceeds that were paid by the parties' insurer as compensation for the loss of the marital house; that insurance policy identified both parties as named insureds. The clear language of the parties' divorce judgment gave the former wife exclusive possession of the marital house for her lifetime and joint title to the marital residence with the former husband. Additionally, the judgment ordered the former husband to hold the wife harmless from any payments due on the outstanding *Page 1097 
indebtedness or insurance on that property. We agree with the former wife's argument that to effectuate the intent of the divorce judgment regarding the marital residence, the trial court should have awarded her one-half of the insurance proceeds paid for the loss of the house, i.e., $15,000.
Although in this case the parties are joint owners of the marital residence, the same rationale that applied in Marshall
and Cox applies here and, in our view, requires an award of 50% of the $30,000 insurance proceeds to each party. Just as the availability of insurance proceeds in Marshall and Cox did not relieve the former husband of the responsibility for paying for the outstanding indebtedness, the parties' divorce judgment in this case gave each party a one-half interest in the marital residence. Additionally, the judgment specified that although they would hold title to the marital residence jointly, the former husband was ordered to pay the remaining indebtedness on the property, to insure the property, and to hold the former wife harmless as to those obligations. Because the parties were joint owners of the property, each party retained an insurable interest in the property; however, only the former husband was ordered to pay for insurance coverage. Thus, we agree with the former wife's argument that she is entitled to $15,000, or one-half of the $30,000 insurance proceeds.
In reaching this conclusion, we have not overlooked our decision in Summerlin v. Bowden, 353 So.2d 1175 (Ala.Civ.App. 1978). In Summerlin, the divorcing parties were awarded joint title to the marital property, but the former husband was awarded both possession of and responsibility for paying the mortgage indebtedness on the property. When the marital residence was destroyed by fire, the former wife unsuccessfully sued to recover one-half of the insurance payment to the former husband. This court concluded that the non-occupying spouse was not entitled to any part of the insurance payment and affirmed the trial court's decision, noting that "the trial court apparently construed the provisions in its prior judgments dealing with the maintenance of insurance on the property to be for the protection of themortgagee rather than the non-occupying party."353 So.2d at 1178 (emphasis added).
In this case, the former husband was ordered to pay all indebtedness on the marital residence as well as insurance on the property. Unlike Summerlin, however, the former wife received possession of the house free from all indebtedness at her sole election, and it appears that the insurance required of the former husband was at least partially intended to protect the occupying party (the former wife) from the effects of an accident to the house. Thus, in accord with Marshall and Cox, the insurance proceeds should be divided equally between the joint owners of the marital residence.
Based on the foregoing facts and authorities, the trial court's judgment is reversed insofar as it fails to award the former wife half of the insurance proceeds paid as a result of the destruction of the house. Although we must remand this cause to effectuate the division of the $30,000 insurance proceeds between the parties, we recognize that, sitting in equity, the trial court may, in its discretion, review the financial obligations and abilities of the parties in order to craft a judgment that does not destabilize each party's financial situation.[3]
To the greatest *Page 1098 
extent possible, the parties should be returned as close as can be achieved to the position they occupied before the fire destroyed the marital house.
The former wife's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY and MURDOCK, JJ., concur in the result, without writing.
[1] The marital residence consisted of a house and 40 adjoining acres in Clarke County.
[2] We note that the trial court awarded the former wife the insurance proceeds that insured the contents of the house; that portion of the judgment was not appealed.
[3] For example, if the former husband were to fund his monetary obligation to the former wife by placing a mortgage on his undivided 50% interest in the acreage on which the house was located, that would be an payment option consistent with this opinion.